*A. F. Shirts,* for appellants.

*T. J. Kane,* for appellees.

———————o———————

## ROBB *v.* THE CITY OF INDIANAPOLIS.

CITY.—*Charter.*—*Visiting Houses of Ill Fame.*—No power is conferred on the common council of a city by the charter, 3 Ind. Stat. 63, to impose a penalty upon any person for visiting or residing within a house of ill fame outside of the corporate limits of the city.

APPEAL from the Marion Common Pleas.

BUSKIRK, J.—This case was an action by the appellee against the appellant, to recover a penalty for the violation

of an ordinance of the city. The action was commenced before the city judge, and on the plea of not guilty was tried by the court, and resulted in a judgment for the city. The defendant appealed to the common pleas. In the common pleas, the defendant moved to dismiss the complaint, because it stated no offence or cause of complaint against the defendant; which motion was by the court overruled, and the defendant took an exception.

The cause was tried by the court, which found the defendant guilty and rendered judgment for fifty dollars. The court overruled motions for a new trial and in arrest of judgment.

The appellant has assigned as errors the overruling of the motions to dismiss the action, in arrest of judgment, and for a new trial.

The complaint and affidavit charged that the defendant was a male person, and over the age of fourteen years, and that he resided in a house of ill fame within one mile of the corporate limits of said city. The section of the ordinance under which the complaint was filed was as follows:

"Sec. 11. Any person visiting a house of ill fame or prostitution within said city, or within one mile thereof, for the purpose of prostitition or whoredom, or who shall be found therein as an occupant thereof, shall be guilty of a violation of the provisions hereof, and be fined in any sum not exceeding fifty dollars, to which may be added imprisonment not exceeding thirty days. All persons found therein, not being occupants thereof, shall be deemed to have visited the same for the purpose of whoredom or prostitution, unless they prove they were there for a lawful purpose."

It is maintained by the counsel for the appellant that no offence was charged or had been committed, because, first, the above section of the ordinance is not authorized by the fifty-fourth section of the city charter, and so the city council had no power to pass the ordinance; and second, that conceding that the fifty-fourth section of the city charter did confer the power upon the common council to pass the

ordinance, the said fifty-fourth section was unconstitutional and void, for the reason that the legislature possessed no power to authorize the common council to pass ordinances which were to affect and operate upon persons for an act done or crime committed outside of the corporate limits of the city.

The position assumed in reference to the second proposition is, that all government is by the consent of the governed, and that as persons residing beyond the limits of the city have no voice in the selection of the officers of the city, or in making by-laws or ordinances, the common council possesses no jurisdiction over them, and cannot prescribe what shall constitute an offence against the authority of the city, for an act committed beyond and outside of the corporate limits.

The fifty-fourth section of the act for the incorporation of cities (approved March 14th, 1867,) reads as follows:

"Sec. 54. For removal and abatement of nuisances, to carry out and enforce sanitary regulations, for the apprehension of disorderly persons, vagrants, common prostitutes and their associates, to exact license money from all persons licensed to retail intoxicating liquors by county or state authority, and to regulate all places where intoxicating liquors are sold to be used on the premises, the common council shall have jurisdiction two miles beyond the city limits."

It was held by this court, in *The City of Lafayette* v. *Cox*, 5 Ind. 38, that, "with us, cities are created and endowed with powers by the legislature, under what are called charters; and it is an established rule of law, one so well known that it would be superfluous to cite authorities as evidence of it, that, in their action, these cities must be confined within the limits that a strict construction of the grants of powers in their charters will assign to them." *Smith* v. *City of Madison*, 7 Ind. 86; *Kyle* v. *Malin*, 8 Ind. 34. See the cases collected in Abbott's Digest of the Laws of Corporations, pages 512, 513, and 514. It was held by the Supreme Court

of the United States, in *Thompson* v. *Lessee of Carroll*, 22 How. U. S. 422, that the ordinances of the corporation of the city of Washington cannot increase or vary the power given by the acts of Congress, or impose any terms or conditions not authorized by the act of Congress.

The fifty-fourth section of the charter provides for the removal and abatement of nuisances, for carrying out and enforcing sanitary regulations, for the apprehension of disorderly persons, vagrants, common prostitutes and their associates, and for the regulation of the liquor traffic. For these purposes the common council shall have jurisdiction two miles beyond the city limits.

The ordinance provides that "any person visiting a house of ill fame or prostitution, within said city, or within one mile thereof, for the purpose of prostitution or whoredom or who shall be found therein as an occupant thereof, shall be guilty of a violation of the provisions thereof, and be fined in any sum not exceeding fifty dollars, to which may be added imprisonment not exceeding thirty days."

The above ordinance has no reference to the removal or abatement of nuisances; to sanitary regulations; to the apprehension of disorderly persons, vagrants, common prostitutes and their associates; or to the regulation of the traffic in intoxicating liquors. The only jurisdiction conferred on the common council beyond the city limits related to the above matters. The only power or authority possessed by the common council to exercise any jurisdiction beyond the city limits is conferred by the 54th section of the charter, and that section confers no power to pass an ordinance making it an offence to visit or be the occupant of a house of ill fame or prostitution outside the city limits. By that section, the common council have the power to provide for the apprehension of disorderly persons, vagrants, common prostitutes, and their associates. The evident intention of the legislature, in conferring this power, was to authorize the arrest of common prostitutes and their associates who might reside in the city, and should go beyond the limits of the

city and congregate together for any improper purpose. Webster defines the word "apprehend" as follows:  "To catch; seize; arrest; detain; capture."

The ninth clause of section 53 of the city charter reads as follows:  "Ninth. To suppress gaming and gaming houses, and houses of ill fame; to prohibit and destroy instruments and devices of gaming, and restrain fraudulent practices within the said city."   3 Ind. Stat. 84.

The twentieth clause of said section reads as follows: "Twentieth. To restrain and punish vagrants, mendicants, street beggars, common prostitutes, and their associates."

The ninth and twentieth clauses of said section confer full power on the common council to suppress houses of ill fame, and to restrain and punish common prostitutes and their associates, within the corporate limits of the city.   But section 54 confers no power to suppress houses of ill fame beyond the limits of the city, but authorizes the apprehension of common prostitutes and their associates.   The keepers of a house of ill fame outside of, but within two miles of the corporate limits, might be prosecuted, under a proper ordinance, for erecting or maintaining a nuisance, under the power given in section 54 for the removal and abatement of nuisances.   But there is no power given to suppress houses of ill fame outside of the corporate limits, unless they are proceeded against as nuisances; and there is no power conferred on the common council to impose a penalty upon any person for visiting or residing within a house of ill fame outside of the corporate limits of the city.   The whole extent and scope of the power conferred on the common council is to provide for the apprehension of disorderly persons, vagrants, common prostitutes and their associates, outside of, but within two miles of the corporate limits of the city.   The power thus conferred was not exercised in the passage of the ordinance above quoted; and we do not know, judicially, whether such power has been exercised or not.   The power conferred by section 54 is not self-executing.   It only authorizes and empowers the common council

to provide for the apprehension of the persons therein described. The power remains dormant and incapable of execution or enforcement, until the common council has acted, and provided by ordinance for the exercise of the power delegated.

We are of the opinion that the court erred in overruling the motion to dismiss the action.

The conclusion that we have reached renders it unnecessary for us to consider or determine the second objection urged against the validity of the above ordinance, or any of the other questions discussed by counsel.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to dismiss the action.

*E. W. Kimball* and *E. H. Lamme,* for appellant.

*B. K. Elliott* and *J. S. Harvey,* for appellee.