*J. K. Thompson,* for appellees.

---

## HAZZARD ET AL. *v.* HEACOCK.

PLEADING.—*Corporation.*—An allegation in a pleading, that a certain association is a corporation, organized and assuming to act under and pursuant to

Hazzard *et al. v.* Heacock.

the provisions of the act of 1865, allowing county commissioners to organize turnpike companies, sufficiently alleges a legally organized corporation.

SAME.—The tax duplicate is not a written instrument within the meaning of the statute requiring copies to be filed with the pleadings.

SAME.—*Uncertainty.*—*Motion.*—If there is an embarrassing uncertainty in a pleading as to the time when an act was done, the remedy is by motion to have it made more certain, and not by demurrer.

TURNPIKE.—*Assessment.*—*Presumption of Law.*—Where a tax is assessed for the purpose of constructing a turnpike, it will be presumed, the contrary not appearing, that the county auditor only made out the duplicate for the amount of tax that was properly collectible.

SAME.—*Distress.*—A tax assessed for the purpose of constructing a turnpike may be collected by distress and sale of personal property.

APPEAL from the Henry Circuit Court.

WORDEN, J.—This was an action by the appellee against the appellants, for trespass in taking and carrying away certain described personal property of the plaintiff. The trespass was alleged to have been committed on the 8th of November, 1869.

The defendants answered, "that on the 8th day of November, 1869, and for a long time prior thereto, the said defendant Hazzard was, and still is, the treasurer of Henry county, in the State of Indiana, duly elected and qualified, and that the said other defendants at said time were, and still are, the deputy treasurers of said county; that on the 1st day of January, 1867, Thomas Rogers, who was then and there the auditor of said county, duly elected and qualified, under and pursuant to an act of the General Assembly of the State of Indiana, entitled, an act to allow county commissioners to organize turnpike companies, etc., approved March 6th, 1865, placed in the hands of said Hazzard, as treasurer aforesaid, as directed in said statute, the amount of taxes and assessment theretofore assessed in favor of the Fairview and Lewisville Turnpike Company, a corporation organized and assuming to act under and pursuant to the provisions of said statute, the amount of tax so assessed against divers persons, on account of lands owned by them within the limits of the road of said turnpike company prescribed by said statute, to be collected as other

taxes are collected; that in said assessment, there was assessed and charged against this plaintiff on his lands within said limits of said road the sum of three hundred and forty-five dollars and fifteen cents; that on and after the third Monday of April, 1867, the said tax and assessment remained due and unpaid and delinquent up to the said 8th day of November, 1869; that afterward, to wit, on the 8th day of November, 1869, the said George Hazzard, as such treasurer aforesaid, by said Wait Heaton, defendant herein, his deputy as aforesaid, called upon said plaintiff and then and there demanded of him the payment of said tax and assessment, so assessed and charged against him as aforesaid, then in arrear and remaining due and unpaid as aforesaid on said assessment, which said tax and assessment he then and there refused to pay; and thereupon said deputy demanded of said plaintiff a sufficient amount of personal property, out of which the amount of said tax and assessment might be made by levy and sale, with which demand the plaintiff then and there failed to comply; that thereupon the said Hazzard by his said deputies, these defendants, by virtue of said assessment, and by virtue of the authority by law vested in them in such cases, as such treasurer, seized upon and took into his possession the property mentioned in said complaint; and afterward, to wit, on the —— day of ————, 1869, sold the same at public auction, for the purpose of realizing, out of the same, the said assessment and taxes, having first given ten days' notice of the time and place of said sale, by advertisements posted up in three public places in the township where such sale was made, and applied the proceeds of said sale to the payment of said tax and assessment and costs and charges thereon; that said property was seized for the purposes and by the authority aforesaid and none other, and that this is the trespass complained of, and none other; wherefore," etc.

A demurrer was sustained to this answer for the want of sufficient facts, etc., and the defendants excepted. The de-

fendants declining to answer further, final judgment was rendered for the plaintiff.

The ruling on the demurrer to the answer presents the only question for our consideration.

Was the answer sufficient? We will consider the objections that are made to it. It may be premised that, in the case of *Goodrich* v. *The Winchester and Deerfield Turnpike Co.*, 26 Ind. 119, this court held the act of March 6th, 1865, constitutional and valid. We see no good ground for changing the conclusion then arrived at.

It is claimed by the appellee, first, that the act of 1865 was repealed by the act of March 11th, 1867 (acts 1867, Reg. Sess. p. 167), or by the act of May 14th, 1869 (3 Ind. Stat. 538), but we are nōt able to discover such repeal. It is not referred to in either of the latter mentioned acts as repealed. The act of 1869 repeals all other acts in conflict with its provisions, but we do not find any conflict in the provisions of the two acts, and see no valid reason why they may not both stand together.

Again, it is objected that it does not appear from the answer that the "Fairview and Lewisville Turnpike Company" was a legally organized corporation. It is said, in the brief of counsel for the appellee, that no articles of association were ever drawn up or adopted by the persons composing the association. The answer avers that the association was "a corporation organized and assuming to act under and pursuant to the provisions of said statute."

It is claimed that the act of 1865 does not of itself contain provisions sufficient for the organization of a corporation, and that resort must be had to some other law for the manner of effecting an organization. The second section of the act is as follows: "The persons making the application, after receiving from the county commissioners a permit according to this act, can organize themselves into a company, elect such officers, make by-laws and rules for their action as is lawful and proper, under the name they choose in their articles of association." Now, conceding, but not

deciding, that resort must be had to some other law providing for the manner of effecting a corporate organization, still we think the pleading in question sufficiently shows that the association in question was a legally organized corporation. It is alleged to have been organized and to have assumed to act under the provisions of the act of 1865. It may well have been organized under the act of 1865, and yet, in the mere manner of effecting the organization, have been governed by some other law. It was organized under the act of 1865, if it was organized to carry out and effect the objects and purposes of that act, though some other law provided for the manner of effecting the organization.

The question is not before us, and, therefore, we do not decide, whether in effecting a corporate organization under this act, compliance must be had with some other law as to the steps to be taken in order to effect the organization. Nor do we decide that the treasurer would be bound to determine whether, in such case, a legal organization of a corporation had been effected. The tax duplicate is supposed to be his authority, and if legal on its face, it has been supposed that it would afford him protection. *Ewing* v. *Robeson,* 15 Ind. 26.

It is also objected that a copy of that portion of the duplicate containing the tax in question is not set out. That was not necessary. The duplicate is not a written instrument within the meaning of the statute requiring copies to be filed. See case above cited. It is claimed that a copy should have been filed, in order to aid the uncertainty as to the time when the assessment was made. The allegation is that the assessment, which had been theretofore made, was placed in the hands of the treasurer by the auditor, on the 1st of January, 1867, but when the assessment was made is not averred. If there was any embarrassing uncertainty as to the time when the assessment was made, it could have been remedied by motion, but was not reached by demurrer. 2 G. &. H. 112, sec. 90 and note.

The statute provides, that "the taxes assessed, according

to the provisions of this act, shall be divided into three instalments, one-third of the whole tax to be paid in one year, one-third in two years, each owner's proportional balance, whatever it may be, within three years from the day of filing the estimate of the cost of the road." Section 6. It is objected that the whole tax does not appear to have been due, nor that it was delinquent. The allegation in this particular is, that there was assessed against the plaintiff, on his lands within the limits of the road, the sum of three hundred and forty-five dollars and fifteen cents, and that on and after the third Monday of April, 1867, the tax remained due and unpaid and delinquent up to the 8th of November, 1869, when the levy was made. We think it fair to presume, as there is a *prima facie* presumption of law that all officers properly discharge their duties, that the auditor made out the assessment for the amount that was properly collectible when the assessment was made; and on demurrer the averment must be taken as true, that the tax became delinquent on the third Monday of April, 1867.

Finally, it is objected that the tax could only be collected from the lands upon which the assessment was made, and that the personal property of the person assessed is not liable to be seized for the tax. We do not concur in this view. Both in the fourth and fifth sections of the statute, it is provided that the taxes shall be collected as other taxes. Other delinquent taxes are collected by distress and sale of the personal property of the person who ought to pay them. 1 G. & H. 97, sec. 96.

The proposition, that such taxes, under such legislation, may be collected by distress and sale of personal property, is fully sustained by the case of *Litchfield* v. *McComber*, 42 Barb. 288.

We have thus noticed all the objections made to the answer, and conclude that none of them are well taken; and we are of opinion that the demurrer thereto was wrongfully sustained.

The judgment below is reversed, at the costs of the appellee, and the cause remanded, with directions to the court below to overrule the demurrer to the answer.

*M. E. Forkner* and *E. H. Bundy,* for appellants.

*J. Brown* and *R. L. Polk,* for appellee.