ROBERT SPENCE v. E. M. BROWN ET AL.

No. 97.

1. Judgment Liens—Abstract of Judgment.

Under the statutes (Revised Statutes, articles 3153-3163), it is clear that a clerk of a County Court would have no lawful power to file and record *an abstract* of a judgment unless it was certified as the statute requires; but there is nothing in the statutes which seems to require that the certificate of authentication shall also be recorded ...................... 433

2. Same—Certificate to Abstract.

The certificate under the hand and seal of the clerk making the abstract * * * is the evidence of authenticity of the *abstract*, without which the clerk called upon to record it has no authority to record; but in the absence of a statute requiring such certificate of authentication to be recorded with the abstract, courts have no power or right to hold that the record of such a certificate, as well as *the abstract*, is essential to the lien..................................................... 433

3. Construction of Statutes.

Article 3159, Revised Statutes. concerning judgment liens, is not subject to article 4299 on the general subject of registration of instruments of writing, etc.   See discussion........................................ 435

**4. Case in Judgment.**

Spence and Brown claimed under a common source, viz., under Mrs. Barfield; Spence under execution sale under judgment against her husband, of which abstract was recorded without the certificate of authentication of the abstract; Brown under guardian sale of her minor children. The deed to her did not show the land to be her separate property.

*Held:* 1. The abstract was duly recorded, although its authentication was omitted ................................................. 436

2. But as the property did not appear to be her separate property, it was subject to execution for community debts, even after her death, and in absence of a bona fide purchaser the sale under execution would pass title, even if it were her separate property ..................... 436

ERROR to Court of Civil Appeals for Third District, in an appeal from Tom Green County.

Chief Justice FISHER being disqualified, Hon. L. J. STOREY was appointed special judge in this case, and he delivered the opinion in the Court of Civil Appeals.

*Joseph Spence* and *H. C. Fisher*, for appellant. — 1. The judgment lien record and index and cross-index were admissible in evidence, as the judgment lien appears to be in all respects properly recorded and indexed. The statute providing for judgment liens does not require that the certificate of the officer attached to such abstract of judgment should be recorded, and the general statutes requiring the registration of the officer's certificate has no application to the registration of judgment liens.

2. The law presumes that the title to the land acquired by Mrs. Sallie Barfield during coverture rests in the community estate of her and her husband, J. W. Barfield. Cooke v. Bremond, 27 Texas, 460; Kirk v. Navigation Co., 49 Texas, 213.

*T. C. Wynn* and *Cochran & Hill*, for appellees. — 1. The statute providing for judgment liens makes the certificate of the clerk of the court issuing an abstract of judgment an essential part thereof; and to fix and secure the statutory lien such abstract of judgment must appear complete on the judgment record. 2 Sayles' Civ. Stats., arts. 3153, 3154, 3155, 3156, 3157, 3159, 4338, 4298; Taylor v. Harrison, 47 Texas, 454; Nye v. Moody, 70 Texas, 434; Belbaze v. Ratto, 69 Texas, 636; Parret v. Shaubhut, 5 Minn., 323; Rushin v. Shields, 11 Ga., 636; Shepherd v. Burkhalter, 13 Ga., 443; Chamberlain v. Bell, 7 Cal., 292; Barnard v. Campau, 29 Mich., 164; Gilchrist v. Gough, 63 Ind., 589.

2. Where words or expressions have acquired a definite meaning in law, they must be so expounded. The Legislature having defined what was meant by the word "record," as applied to the registration of all instruments authorized by law to be recorded, the use of that word in the

statute authorizing the record of an abstract of judgment must be given the same meaning as preseribed by the general statute. 2 Sayles' Civ. Stats., arts. 4298, 4338, 3153–3159, 3138; Engelking v. Von Wamel, 26 Texas, 470; Taylor v. Harrison, 47 Texas, 454; Munson v. Hallowell, 26 Texas, 475; Morgan v. Davenport, 60 Texas, 230; 2 Bouv. Law Dic., 520, word "record."

3. Appellees holding the legal title to the land in controversy, the burden was upon appellant to show that appellees, at the date of their purchase through the guardianship proceedings in the estate of the Barfield minors, had notice, actual or constructive, of an equitable title in J. W. Barfield by reason of his community interest in said land. Edwards v. Brown, 68 Texas, 329; Hill v. Moore, 62 Texas, 610; Ramsdell v. Fuller, 28 Cal., 38; McComb v. Spangler, 71 Cal., 419.

STAYTON, Chief Justice.—Both parties claiming from a common source, it was held by the Court of Civil Appeals that defendants in error were entitled to judgment if the judgment through which plaintiff in error claims was not so recorded as to give lien upon the land.

The sole ground on which it was held that the abstract of that judgment was not properly recorded was that the certificate authenticating it was not recorded with the abstract.

The law provides, that "It shall be the duty of each clerk of a court, when the person in whose favor the judgment was rendered, his agent, attorney, or assignee, applies therefor, to make out and deliver to such applicant, upon the payment of the fee allowed therefor by law, *an abstract* of such judgment, and certify thereto under his hand and official seal." Rev. Stats., art. 3154.

It thus prescribes of what such abstract shall consist:

" *The abstract* provided for in the preceding article shall show:

" 1. The names of the plaintiff and of the defendant in such judgment.

" 2. The number of the suit in which the judgment was rendered.

" 3. The date when such judgment was rendered.

" 4. The amount for which the same was rendered, and the amount still due upon the same.

" 5. The rate of interest, if any is specified in the judgment." Rev. Stats., art. 3155.

A paper correctly showing these facts in reference to a particular judgment is *an abstract* of that judgment.

The statute further provides: " When *any such abstract* as is provided for in the three preceding articles is presented to the clerk of the County Court for record, he shall file and immediately *record the same* in the judgment record, noting in such record the day and hour of such record, and shall also at the same time enter it upon the index." Rev. Stats., art. 3157.

It is made the duty of each clerk of a County Court to "keep in his office a well bound book, to be called the 'judgment record,' in which he shall record *all abstracts* of judgments filed in his office for record, which are authenticated in the manner hereafter required." Rev. Stats., art. 3153.

Under these statutes it is clear that a clerk of the County Court would have no lawful power to file and record *an abstract* of a judgment unless it was certified as the statute requires; but there is nothing in the statutes referred to which seems to require that the certificate of authentication shall also be recorded.

The certificate under the hand and seal of the clerk making the abstract, or under the hand of the justice of the peace, if it be an abstract of a judgment rendered in a Justice Court, is the evidence of authenticity of the *abstract*, without which the clerk called upon to record it has no authority to record; but in the absence of a statute requiring such certificate of authentication to be recorded with the *abstract*, courts have no power or right to hold that the record of such a certificate as well as *the abstract* is essential to lien.

The statute declares what shall constitute *the abstract*, and that *this* when presented to a clerk, properly authenticated, shall be recorded, and that when thus recorded and indexed as the statute requires, a lien shall exist from the date of the record and index. Rev. Stats., art. 3159.

It is contended, however, that all of title 61, chapter 1, of the Revised Statutes applicable to judgment liens is subject to the requirements of article 4298, Revised Statutes.

That article provides, that "Each recorder shall without delay record every instrument of writing authorized to be recorded by him, which is deposited with him for record, with the acknowledgments, proofs, affidavits, and certificates written or printed on the same, and all other papers referred to and thereto annexed, in the order and as of the time when the same shall have been deposited for record, by entering them word for word and letter for letter, and noting at the foot of such record all interlineations, erasures, and words visibly written on erasures, and noting at the foot of the record the hour and day of the month and year when the instrument so recorded was deposited in his office for record."

This was the thirteenth section of the Act of May 12, 1846, and it will be seen that it applies to "*every instrument of writing* authorized to be recorded by him which is deposited with him for record, with the *acknowledgments, proofs, affidavits, and certificates* written on or attached to the same."

The fourth and fifth sections of that act classed deeds, mortgages, conveyances, deeds of trust, bonds, covenants, defeasances, marriage contracts, powers of attorney, and all official bonds, as *instruments of writing*,

and these were required to be acknowledged by their makers, proved by subscribing witnesses, or established by the prescribed affidavits; and whether established for record in the one way or the other, all the facts. necessary to their authentication were required to be evidenced by the certificate of the officer before whom the proceeding for that purpose was had.

The sixth section of the act required the several recording officers to record all titles issued by the Commissioner of the General Land Office, and copies of all titles recorded in that office, if attested with the seal thereof;. and it also required them to record all judgments and abstracts of judgments rendered by any of the courts of this State, if attested under the hand and seal of the clerk of the court in which the judgment was rendered.

This section of the statute, however, does not class these as *instruments: of writing*, but simply as *instruments*.

That part of section 13 which requires the "noting at the foot of such record all interlineations, erasures, and words visibly written on erasures," manifests solicitude to preserve on the record, as near as may be, all evidence existing on the face of the paper recorded tending to show alteration or erasure, which may often be a matter of great importance when the original is not a public archive, and after being recorded may be returned to the person who filed it for that purpose, who might conceal or destroy it, and thus destroy all evidence on its face throwing suspicion upon it, if statement of the suspicious fact was not preserved on the record as required by the statute.

The same reasons do not exist for requiring such notation when a copy of an archive in the General Land Office or of a judgment or abstract of a judgment is recorded; for the original in such cases is an archive in a public office, not subject to the control of any private person, but always open to inspection by any person having an interest in or adverse to the right which it purports to secure.

Whether the abstract of a judgment is, within the meaning of the statute relied upon, "an instrument of writing" may be doubted; for it has been held that a judgment is not such an instrument. Lytle v. Lytle, 37 Ind., 283; Wyant v. Wyant, 38 Ind., 49; Hazzard v. Heacock, 39 Ind., 177; Morrison v. Fishel, 64 Ind., 177; Wilson v. Vance, 55 Ind., 588.

In determining whether it should be so considered under the statute, the connection in which the words are used in the section of the statute in question and in other sections of the same statute, as well as the object intended to be accomplished by that statute, ought all to be considered. State v. Kelsey, 44 N. J. Law, 33.

At the time the Act of May 12, 1846, was enacted, it evidently had no application to the record of judgments or abstracts of judgments for the purpose of acquiring lien; for neither at that time nor at any other time

prior to the enactment of the present law was there a law in force through which lien could be acquired by recording and properly indexing an abstract of a judgment.

The Act of February 5, 1840 (Paschal's Digest, article 4710), required judgments through which title to land was recovered, or through which land was partitioned, to be registered, and not until the passage of the Act of February 9, 1860, was an abstract of such judgments made sufficient.

Prior to that act we are not advised of any law which required abstracts of judgments to be recorded for any purpose.

If, however, the language of the Act of February 12, 1846, was broad enough to apply to the record of an abstract of a judgment for the purpose of acquiring judgment lien under the law now in force, we are of opinion that it ought not to be so applied; because the chapter in the Revised Statutes prescribing the manner in which liens under judgments may be acquired evidently was intended to be complete within itself, and to have no necessary relation to other laws regulating registration of instruments permitted or required to be registered.

It prescribes the book in which such record shall be made, and determines what officer shall make it, and does not leave those things to be determined by the general law regulating registration.

It prescribes what the abstract shall show, and does not require the registration of the entire judgment; while the general law requires the entire instrument of writing permitted or required to be registered to be entered in full.

Such abstracts do not give lien or have any effect whatever from the time they are filed and because they are filed for record, but the lien is created and notice thereof given only when the abstract is recorded and indexed as the statute requires. Rev. Stats., art. 3159.

Under the general law regulating registration, an instrument of writing properly authenticated and filed for record operates as notice to all persons of the right conferred by it from the time it is filed for record. Rev. Stats., arts. 4299, 4334.

Under our statute the making of the index prescribed is as essential to lien as is the record of the abstract; while under the other entire failure to make an index will not affect the validity of the registration or its effect as notice.

The purpose of one is to furnish means whereby right not before existing may be created and notice thereof given; while the purpose of the other is to give notice of right already existing.

The abstract is required to be filed, and the certificate authenticating it shows in what court the judgment was rendered; it must give the names of parties defendant and plaintiff; the number of the suit in which the judgment was rendered; the date of its rendition; the amount for

which rendered, and the sum still due on it; and must give the rate of interest, if any be specified.

Most of the requisites of an abstract show that the purpose of its registration is not only to give notice of the right conferred by the record and index, but also to inform all persons interested where they may easily find the judgment itself, with all other papers bearing on the question of its validity.

The source of information thus pointed out is a public record, which imports verity, and is not subject to the control of any private person. If the clerk makes a false abstract, it is of no value, and its invalidity may be detected by inspection of the record to which it refers.

There are many reasons, some of which have been suggested, why it is not necessary, for the protection of parties to a judgment or of third persons, that the certificate authenticating an abstract of a judgment should be recorded, which do not apply to a certificate of acknowledgment, proof, or affidavits authenticating a deed or like instrument of writing for record.

The index was in substantial compliance with the statute, and the court erred in rejecting the evidence offered to show that plaintiff had judgment lien on the property.

The property having been conveyed to the wife of defendant in execution during their marriage, by a deed which did not show it to be her separate estate, would be presumed to be community property, in the absence of evidence to the contrary, and subject to any debt contracted by the husband during the marriage, even after the death of the wife.

Under such facts, the sale made under execution, even if there had been no judgment lien, would pass title to the land superior to any which could pass by sale under which defendants claim, unless it were shown that persons claiming through that sale were entitled to protection as innocent purchasers.

On account of the ruling of the trial court in excluding evidence offered by plaintiff, the judgment must be reversed; but there is reason to believe, from inspection of the record, that the cause was not fully developed, and that some issues presented by the pleadings were not tried at all, and in view of these facts judgment will not be here rendered, but the judgment of the Court of Civil Appeals and of the District Court will be reversed and the cause remanded to the District Court for trial upon its merits.

It is so ordered.

*Reversed and remanded.*

Delivered February 22, 1894.