## BURTON LINGO CO. et al. v. WARREN et al.
### No. 930.

Court of Civil Appeals of Texas. Eastland.

Dec. 18, 1931.

Rehearing Denied Jan. 22, 1932.

Sayles & Sayles, of Abilene, for appellants.

York & Camp, of Abilene, for appellees.

FUNDERBURK, J.

Of date September 7, 1909, S. P. Warren recovered judgment against L. H. Burrus for $417.28, with interest and costs. By the issuance of execution within twelve months thereafter and subsequent executions within each ten-year period, the judgment has been kept alive. An abstract of the judgment was filed and duly recorded and indexed in Taylor county on November 25, 1914. Another abstract of the same judgment was filed and duly recorded and indexed in said county on October 19, 1925. L. H. Burrus purchased a quarter section of land in Taylor county on October 22, 1912, which he has continued to own. On February 24, 1930, as community survivor and for himself, Burrus gave a deed of trust lien on said land in favor of Burton Lingo Company. In this deed of trust it was

declared that the land was not and never had been the homestead of the grantor. On April 21, 1930, another deed of trust on the land was given in favor of Ellen Purdon Dye. This lien was expressly subordinate to that of Burton Lingo Company.

This suit was brought on January 3, 1931, by said S. P. Warren against L. H. Burrus, individually, and as said community survivor, and against J. D. Brown, Jr., Ellen Purdon Dye and her husband, Ed Dye, Burton Lingo Company, a corporation, Sims Oil Company, a corporation, and Snowden & McSweeney Company, a corporation, to foreclose the abstract of judgment lien. Upon a nonjury trial the court foreclosed all the liens, providing for the priority of payment of plaintiff's said judgment. Burton Lingo Company and Ellen Purdon Dye and her husband, Ed Dye, have duly prosecuted an appeal from said judgment in so far as it decreed the existence and priority of the judgment lien asserted by the plaintiff.

■ The appeal presents for our consideration and determination the apparently novel question of whether or not, after the expiration of ten years from the due filing, recording, and indexing of an abstract of judgment in a particular county, another abstract of the same judgment may be filed in the same county and recorded and indexed, having thereby the effect to create a further lien to secure payment of the judgment, provided the judgment has never been permitted to become dormant. Appellants contend that the limitation of a judgment lien to a duration of ten years, as provided in R. S. 1925, art. 5449, has the effect of denying authority for the existence of a lien to secure the same judgment for a longer total time than ten years. If, under the existing laws, a judgment was itself a lien, and the provisions for the recording and indexing of an abstract thereof were merely for the purpose of giving constructive notice of same, the logic of appellants' contention would, we think, be unanswerable. But, as we recently had occasion to notice, the recording and indexing of an abstract of judgment is not merely to give notice of a preexisting lien, but such are the statutory means by which a lien, having no previous existence, comes into being. McGlothlin v. Coody et al. (Tex. Civ. App.) 39 S.W.(2d) 133; Spence v. Brown, 86 Tex. 430, 25 S. W. 413.

Previously existing statutes did provide that judgments should operate as liens. Such was the provision of section 17 of the Act of January 26, 1839 (2 Gammel's Laws, p. 155). So was it provided in section 12 of the Act of February 5, 1840 (2 Gammel's Laws, 269). The same provision appeared as section 12 of the Act of 1842 (2 Gammel's Laws, p. 740). An act approved February 14, 1860 (4 Gammel's Laws, p. 1479), provided, in section 2 thereof, that no judgment should operate as a lien until filed for registration in the office of the county clerk of the county where rendered. That act made it the duty "of the county clerk of each and every county in this state, to record all certified copies of such judgments as may be filed with him for registration, at the earliest practicable period, in the book used in said office for the record of mortgages, and to cause a regular and alphabetical index to be made of the names of plaintiffs and defendants in said judgments, and also a reference to the page on which said judgment is recorded, and the judgment so recorded shall operate as a lien on all the real estate of the defendants, situated in the county in which the same may be rendered, and said lien, unless sooner released, shall continue in force four years without being reinscribed." Section 4 provided: "That any judgment creditor may preserve his lien by causing his judgment to be re-inscribed or recorded as herein provided, at any time before the lien expires," etc. An act approved November 9, 1866, entitled "An Act to prevent judgments from becoming dormant, and to create and preserve judgment liens" (5 Gammel's Laws, p. 1036), provided that judgments should be a lien on land of the judgment creditor in counties where judgments were rendered from the date of the judgments, and upon land in other counties from the time of filing a transcript of the judgments in such other counties. Section 3 of this act provided: "No judgment of a Court of Record shall become dormant unless ten years shall have elapsed between the issuance of executions thereon." Revised Statutes of 1879, arts. 3153 to 3163, inclusive, provided for the keeping of judgment records; prescribed the duty of clerks and justices of the peace to make and certify to abstracts of judgments having certain requisites; imposed upon county clerks the duty of filing, recording, and indexing same; provided that when an abstract of judgment should be duly recorded, etc., it should "from the date of such record and index, operate as a lien upon all of the real estate of the defendant situated in the county where such record and index are made, and upon all real estate which the defendant may thereafter acquire situated in said county." It was further therein provided: "When a lien has been acquired, as provided in this chapter, it shall continue for ten years from the date of such record and index, unless the plaintiff shall fail to have execution issued upon his judgment within twelve months after the rendition thereof, in which case said lien shall cease to exist." An act approved January 26, 1895 (10 Gammel's Laws, p. 732), re-enacted the former provisions of section 3 of the act approved November 9, 1866, the latter act having been repealed by the omission to include it in the Revised Statutes of 1879. The said provisions of Revised Statutes of 1879, together with said act approved Janua-

ry 26, 1895, have been brought down through the several revisions of the statutes to the present time, substantially without change.

It is to be observed that the act of February 14, 1860, limited the time of the duration of a judgment lien to four years, with provision for an extension of it by the reinscription or re-recording of the judgment before the expiration of the four years. This act provided that the judgment itself was not a lien. The act of November 9, 1866, repealed the act of February 14, 1860, and manifested a change of legislative policy. Under the latter act judgments were liens from the date of the judgments in counties where the judgments were rendered. In other counties the recording and indexing of an abstract of judgment became a lien from the time of recording. The duration of a judgment lien was not specially limited and therefore continued, unless lost by a failure of the judgment creditor to use due diligence in enforcing it, until the judgment was discharged or became dormant. Section 3 of the act approved November 9, 1866, which, as already stated, was repealed by omission from R. S. 1879, and again re-enacted in 1895, provided that no judgment of a court of record shall become dormant unless ten years shall have elapsed between the issuance of executions thereon. R. S. 1925, art. 3773.

In 1881 the Supreme Court, dealing with a judgment lien arising under the acts of February 14, 1860, and November 9, 1866, held that after one year a judgment lien was lost for failure to use diligence to enforce it. Barron v. Thompson, 54 Tex. 235. The court, after calling attention to the provision of the statute "that said lien shall cease and become inoperative, if execution be not issued within one year from the first day when it might issue," made this significant statement: "But if it is preserved longer, we must look elsewhere than to this first section to find a warrant for this conclusion." Further along in the opinion it was said: "But how much longer the lien thus preserved shall continue in force is not indicated in this or any other section of the act." It cannot be doubted, we think, that if the court had found in some other section of the act, or other applicable statute, a provision that the lien, when fixed, should continue for nine or ten years, a different conclusion would have been reached. Such a provision was supplied by adoption of the Revised Statutes of 1879. Article 3160 thereof provided, as R. S. 1925, art. 5449, now does, that: "Said lien shall continue for ten years from the date of such record and index; but if the plaintiff fails to have execution issued upon his judgment within twelve months after the rendition thereof, said lien shall cease to exist."

The decision in Barron v. Thompson, supra, therefore furnishes little or no aid in the determination of the main question presented in the instant case. What has been said, however, is sufficient to dispose of appellants' contention, which we are inclined to regard as controlled by the larger question, namely, that the judgment lien ceased by reason of laches, or a failure of the judgment creditor to use diligence to enforce it.

In the light of the foregoing statutes and the construction of same by the courts, let us now consider appellants' argument so persuasively urged, to the effect that, once the lien comes into existence and continues for ten years, no other lien can be fixed in the same county based upon the same judgment, by the subsequent filing, recording, and indexing of an abstract of the judgment. The gist of the argument is that the law which creates the lien having expressly limited it to a ten years' duration, there simply exists no lawful authority for the lien to endure for a longer time. There can be no doubt, we think, that as to the particular lien which comes into existence by the recording and indexing of an abstract of judgment, that lien, when once it terminates by the expiration of the ten-year period, can never be extended. But this conclusion does not dispose of the question. The difficulty arises out of the further question, whether each recording and indexing of an abstract of the judgment constitutes in itself a lien which endures for a period of ten years. As we have already said, "The mere judgment does not of itself operate as a lien." Barron v. Thompson, supra. If it did, there being one judgment, there could be but one lien. But nothing is more certain than that under some conditions there may be more than one lien authorized by the present statutes. Clearly the law contemplates that abstracts of a judgment may be recorded in different counties. If such abstracts be recorded in a number of different counties, each is an independent lien. When filed, recorded, and indexed at different times, as they naturally would be, the term of the duration of the liens created thereby are different. This could not be true if there was only one lien. So it is thus seen that one or more liens may exist to secure the same judgment. The question arises: Why may they not exist in the same county? There is certainly no express restriction of the right to a single lien in any one county. If, therefore, any such restriction exists, it must arise from implication. To determine if it so exists there must be brought into review all the statutory provisions having any reference to the subject. This consideration leads us to the conclusion that no such restriction is to be implied.

No controlling significance can be attached to the fact that, by the act of February 14, 1860, the duration of the lien therein provided for was limited to four years, with a provision for its extension by a reinscription

or recording of the judgment, and the omission of the present laws to provide for such extension. As already stated, the act of 1860 was not the law when the present statutes were first enacted. The said provision for an extension may require that that statute be construed to provide one and only one lien. As to this, however, we do not express an opinion, as it is unnecessary to do so. Our conclusion that the law as it now exists permits more than one lien furnishes an all-sufficient reason for the absence of any provision for extending a lien. The law could have conditioned the right to more than one lien by a requirement that subsequent liens be created before the first expired. The Legislature having failed so to provide, we are of opinion that it is immaterial that one lien may have terminated before another begins.

Appellant contends that the judgment creditor could have obtained a new judgment, and upon recording an abstract of that judgment have thereby fixed a further lien. But why the necessity of another suit? The judgment has been kept alive all the while. We think the law has provided a simpler and less expensive procedure and one which works no more injury to others than would a suit. In Parks v. Young, 75 Tex. 278, 12 S. W. 986, 987, Judge Gaines said: "We know of no authority for bringing a second action upon a judgment that is not dormant. In the district court, such a suit has been permitted, in order to establish a lien that had been lost; *but even that practice would hardly now be allowed, since existing statutes provide for fixing a lien by filing an abstract of the judgment.* [Italics ours.] A defendant should not be subjected to the costs of a second suit, on a judgment upon which execution may issue."

Having reached the conclusion that the judgment of the trial court should be affirmed, it is accordingly so ordered.