**TAPSS, L.L.C., Appellant,**

v.

**NUNEZ COMPANY, Appellee.**

**Civil Action No. SA–05–CA–061–OG.**

United States District Court,
W.D. Texas,
San Antonio Division.

Sept. 30, 2005.

N. West Short, Georgetown, TX, Ronald Hornberger, Plunkett & Gibson, Inc., San Antonio, TX, for Appellant.

Paul David Pruitt, Irving, TX, for Appellee.

## OPINION AND ORDER

ORLANDO L. GARCIA, District Judge.

Pending before the Court is an appeal from a decision by the United States Bankruptcy Court, Western District of Texas, granting third-party defendant Nunez Company's Motion for Partial Summary Judgment in Case No. 04–52915–RBK. Appellant TAPPS, LLC filed its brief on April 11, 2005 (Dkt.# 6), and Appellee Nunez Company filed its brief on April 26, 2005 (Dkt.# 8). Appellant also filed a Motion to Certify a Question to the Texas Supreme Court (Dkt.# 5) and Appellee filed a response thereto (Dkt.# 7). After reviewing the record and the applicable law, the Court finds as follows:

### Standard of review

■ The issue presented to the Court is whether the bankruptcy judge correctly determined that a judgment lien, held by the Appellant, expired even though the underlying judgment against the judgment debtor remained valid. Because this appeal presents a question of law, the bankruptcy court's judgment is subject to *de novo* review. *Bradley v. Pacific Southwest Bank,* 960 F.2d 502, 507 (5th Cir. 1992).

### Factual and procedural background

The parties agree to the following facts: On October 9, 1991, a money judgment (the "judgment") was rendered against Van John Harper Rippstein (the "judgment debtor") in the amount of $610,000.00 plus costs and post judgment interest. On **May 18, 1992,** an abstract of the judgment was recorded in the official public records of Comal County, Texas. On or about June 22, 1994, judgment debtor and his spouse, Cynthia Rippstein, acquired a

piece of unimproved real property located in Comal County at 3220 Rolling Oaks Drive, New Braunfels, Texas (the "Rolling Oaks Property") for approximately $110,000.00. Thereafter, on August 19, 1994, the judgment debtor and his spouse declared another piece of property as their legal homestead. A wit of execution was issued on the underlying judgment on September 17, 2001 and returned *nulla bona* on December 12, 2001. On **June 4, 2003**, the Rolling Oaks Property was sold for 1.75 million dollars to Nunez Company. The judgment was not paid at the time of the sale.

The record also shows that TAPSS acquired rights under the judgment by assignment on July 18, 2003. After acquiring the judgment, TAPSS filed a second abstract of judgment in Comal County on **August 29, 2003.** On September 2, 2003, TAPSS obtained an "alias" writ of execution [1] on the judgment. TAPPS attempted to seize the Rolling Oaks Property when executing the writ, and litigation ensued. The lawsuit began in state court, and continued in bankruptcy court after the judgment debtor sought relief under Chapter 11. This appeal arises from the bankruptcy court's order granting third party defendant Nunez Company's motion for partial summary judgment. The bankruptcy judge determined that the underlying judgment held by the Appellant was valid and had not become dormant. However, the bankruptcy judge also determined that the first abstract of judgment had expired and a second abstract of judgment was not on file when the property was conveyed. Thus, the Appellee received title to the property from the judgment debtor without the encumbrance of a lien held by Appellant.

**Legal analysis**

 In Texas, fixing a judgment lien is strictly construed under the statute regulating abstracts of judgments. TEX. PROP. CODE ANN. § 52.001 et seq. (Vernon 2005); *Apostolic Church v. American Honda Motor Co.,* 833 S.W.2d 553, 554 (Tex.App.-Tyler 1992, writ denied); *Citicorp Real Estate, Inc. v. Banque Arabe Internationale D'Investissement,* 747 S.W.2d 926, 929 (Tex.App.-Dallas 1988, writ denied). There are three steps to secure and maintain a lien against a judgment debtor. First, in order to establish the lien, after judgment is rendered, the judgment creditor must obtain and file an abstract of judgment in accordance with Chapter 52 of the Texas Property Code. *See* TEX. PROP. CODE ANN. § 52.001–52.004 (Vernon 2005). Second, the underlying judgment must be kept alive through the issuance of writs of execution. TEX. CIV. PRAC. & REM.CODE ANN. § 34.001(a) (Vernon 2005). Finally, if the lien is not satisfied with ten (10) years following the date of recording and indexing of the abstract of judgment, then a subsequent abstract of judgment must be obtained and recorded in accordance with Chapter 52 of the Texas Property Code. TEX. PROP.CODE ANN. § 52.001, 52.006 (Vernon 2005).

 Once a first or subsequent abstract of judgment is recorded and indexed in the county where the defendant owns real property, the abstract constitutes a lien. TEX. PROP.CODE ANN. § 52.001 (Vernon 2005). To create a valid lien, the underlying judgment must not be dormant and the abstract must be recorded and indexed according to the requirements established in Chapter 52 of the Texas Property Code. TEX. PROP.CODE ANN. §§ 52.001—52.0041 (Vernon 2005). A dor-

---

**1.** "Alias" writ of execution means a second execution issued to enforce a judgment not fully satisfied by the original writ. BLACK'S LAW DICTIONARY 1608 (6th ed.1990).

mant judgment is one which has remained unexecuted so long that execution is not possible without first reviving the judgment. *Burlington State Bank v. Marlin Nat. Bank,* 207 S.W. 954, 956 (Tex.Civ. App.-Austin 1918, no writ). To prevent dormancy, a writ of execution must be issued within ten years after rendition of the judgment. TEX. CIV. PRAC. & REM.CODE ANN. § 34.001 (Vernon 2005). Subsequent writs may be issued at any time within ten years after issuance of the preceding writ. TEX. CIV. PRAC. & REM.CODE ANN. § 34.001(b) (Vernon 2005). A judgment will then remain active for ten (10) years following the most recent writ of execution. *See, e.g., Gartin v. Furgeson,* 144 S.W.2d 1114, 1115 (Tex.Civ.App.-Amarillo 1940, no writ). If a judgment is allowed to become dormant, then a writ of execution cannot be issued without first reviving the judgment. TEX. CIV. PRAC. & REM.CODE ANN. §§ 31.006, 34.001 (Vernon 2005); *Burlington State Bank,* 207 S.W. at 954. The judgment must be revived within two years from the date it became dormant. TEX. CIV. PRAC. & REM.CODE ANN. § 31.006.

■■■■■ When a judgment lien terminates by the expiration of the ten-year period, it can never be extended. *Burton Lingo Co. v. Warren,* 45 S.W.2d 750, 752 (Tex.Civ.App.-Eastland 1931, writ ref'd); *see* TEX. PROP.CODE ANN. § 52.006. If the underlying judgment has not become dormant, another abstract of the same judgment may be filed in the same county where the first abstract was filed, recorded, and indexed so as to create another lien to secure payment. TEX. PROP.CODE ANN. § 52.001; *Burton Lingo,* 45 S.W.2d at 752; *U.S. v. Blakeman,* 750 F.Supp. 216 (N.D.Tex.1990), aff'd in part, rev'd in part on other grounds, 997 F.2d 1084 (5th Cir. 1992). The subsequent abstract may be issued even after the expiration of ten years from the filing, recording, and indexing of the preceding abstract. However, if the underlying judgment has become dormant, then the judgment must first be revived. TEX. CIV. PRAC. & REM.CODE ANN. § 31.006.

■■■ Under the facts in this case, the judgment has never been allowed to become dormant under Texas law because of the issuance of writs of execution.[2] However, the judgment lien was allowed to expire for a period of time. The original judgment was rendered on October 9, 1991 and the judgment lien was established when the judgment creditor filed the first abstract of judgment on May 18, 1992 in the official public records of Comal County, Texas. This judgment lien had a statutory life of ten (10) years from **May 18, 1992 to May 18, 2002.** *See* TEX. PROP.CODE ANN. § 52.006 (Vernon 2005). The Appellant filed a subsequent abstract of judgment on August 29, 2003 in Comal County. According to the Texas Property Code, this second lien is valid from **August 29, 2003 to August 29, 2013.** The first lien expired on **May 18, 2002** and the subsequent lien did not attach until **August 29, 2003.** After the first lien expired, and before the second lien attached, there was no valid lien on the property. This allowed Appellee to receive title to the Rolling Oaks Property from the judgment debtor without the encumbrance of a lien.

The bankruptcy court did not err in holding that the judgment lien had expired even though the underlying judgment remained valid.

It is therefore ORDERED that the Motion to Certify a Question to the Texas Supreme Court is DENIED, and the order

---

**2.** First writ of execution was issued on September 17, 2001 and an "alias" writ of execution was issued on October 2, 2003.

granting Third–Party Defendant Nunez Company's Motion for Partial Summary Judgment is AFFIRMED.