United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51671
Summary Calendar

_____

In Re: CYNTHIA MORGAN RIPPSTEIN

Debtor,

_____

TAPSS, LLC,

Appellant,

versus

NUNEZ COMPANY,

Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(5:05-CV-61)

_____

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The district court affirmed the judgment of the bankruptcy court, which granted

summary judgment to Nunez Company ("Nunez"). TAPSS, LLC, appeals the district

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court's decision and also moves to certify the legal question at issue to the Texas Supreme Court. We affirm the judgment of the district court and deny the motion to certify the question.

## I. FACTS AND PROCEEDINGS

The facts of this case are undisputed. In October 1991, a judgment was rendered against Van Rippstein in the amount of $610,000 plus costs and interest. In May 1992, an abstract of judgment was recorded and indexed in Comal County, Texas, creating a judgment lien on Van Rippstein's real property in Comal County, including after-acquired real property. *See* TEX. PROP. CODE § 52.001. Van Rippstein married Cynthia Rippstein two years later, and shortly thereafter, Cynthia Rippstein purchased property, called the Rolling Oaks property, in Comal County. Acquired during marriage, the property was community property. TEX. FAM. CODE § 3.002.

In September 2001, a writ of execution issued on the 1991 judgment, preventing the judgment from becoming dormant. *See* TEX. CIV. PRAC. & REM. CODE § 34.001. In June 2003, Cynthia Rippstein sold the Rolling Oaks property to Nunez for $1.75 million. At the time of the closing, Van Rippstein conveyed his interest in the property to his wife by quitclaim deed, and she in turn sold the collective share to Nunez. The judgment was still unpaid at the time of sale. In July 2003, TAPSS acquired the 1991 judgment by assignment. In August 2003, more than ten years after the May 1992 abstract of judgment, a second abstract of judgment was filed in Comal County. TAPSS then attempted to execute the judgment by seizing, among other property, the Rolling Oaks property.

2

Cynthia Rippstein brought suit in state court, seeking a temporary restraining order and injunctive relief to prevent execution of the judgment. TAPSS filed a counter claim seeking declaratory judgment that the judgment lien was valid and also filed a third-party action against Nunez for foreclosure of the judgment lien. After Cynthia Rippstein filed for chapter eleven bankruptcy, the proceedings continued in bankruptcy court. Nunez moved for summary judgment. The bankruptcy court granted the motion, finding (1) that, under TEX. PROP. CODE § 52.006, the judgment lien terminated after ten years, and (2) that, therefore, the Rolling Oaks property was not encumbered at the time of the sale in June 2003. The district court affirmed the decision of the bankruptcy court. TAPSS appeals this ruling and moves to certify the question of the interpretation of § 52.006 to the Texas Supreme Court.

## II. STANDARD OF REVIEW

"We review the decision of a district court, sitting as an appellate court, by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied to the district court." *U.S. Dept. of Educ. v. Gerhardt* (*In re Gerhardt*), 348 F.3d 89, 91 (5th Cir. 2003) (citing *Total Minatome Corp. v. Jack/Wade Drilling, Inc.* (*In re Jack/Wade Drilling, Inc.*), 258 F.3d 385, 387 (5th Cir. 2001)). Findings of fact are reviewed for clear error; conclusions of law, de novo. *Id.* We also review de novo the bankruptcy court's grant of summary judgment. *Ingalls v. Erlewine* (*In re Erlewine*), 349 F.3d 205, 209 (5th Cir. 2003); *Zer-Ilan v. Frankford* (*In re CPDC, Inc.*), 337 F.3d 436, 441 (5th Cir. 2003).

3

## III. DISCUSSION

The parties agree that the sole issue is the interpretation of TEX. PROP. CODE § 52.006. Section 52.006, which is entitled "Duration of a Lien," provides: "A judgment lien continues for 10 years following the date of recording and indexing the abstract, except that if the judgment becomes dormant during that period the lien ceases to exist." The parties do not dispute that the judgment had not become dormant and that a judgment lien arose based on the abstract of judgment recorded in May 1992. The parties do dispute whether the judgment lien still encumbered the Rolling Oaks property at the time it was conveyed to Nunez in June 2003, more than ten years after the May 1992 abstract of judgment was filed. Nunez contends that the statute provides that the judgment lien expired at the conclusion of ten years. TAPSS maintains that the lien was still valid, because the underlying judgment had not become dormant.

Under Texas law, a court construes a statute in accordance with the legislative intent. *Dept. of Protective & Regulatory Servs. v. Schutz*, 101 S.W.3d 512, 520 (Tex. App. 2002) (citing, *inter alia, Albertson's Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex. 1999)). *See also In re CPDC*, 337 F.3d at 442 (citing *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 383 (Tex. 2000)). In doing so, a court first looks to the statute's language and presumes that the legislature intended the plain meaning of the statute's terms. *Schutz*, 101 S.W.3d at 520 (citations omitted); *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999). If a statute is unambiguous, a court may not employ other rules of construction to create ambiguity but should give the statute its common meaning.

4

*Fitzgerald*, 996 S.W.2d at 865–66; *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997).

TAPSS argues that the statute should be interpreted broadly. TAPSS states that the word "continues" used in the statute is not the same as "expires" and that the statute should be read to provide for the continuance of the lien as long as the judgment is not dormant. However, TAPSS's suggested interpretation of § 52.006 is contrary to the plain language of the statute. The statute explicitly provides that a judgment lien lasts ten years, unless the underlying judgment becomes dormant, in which case the lien expires before ten years have lapsed. "Continues for" is synonymous with "lasts" or "expires after" in this provision; otherwise, the "10 years" time-frame would be meaningless. The plain language of the statute does not suggest that the lien continues beyond ten years as long as the underlying judgment remains valid. Additionally, § 52.001, which provides for the establishment of the lien, references both a "first" and "subsequent" abstract of judgment; in other words, the statute anticipates that a subsequent abstract may be filed to extend the lien beyond ten years. Consequently, we agree with the district court that a judgment lien terminates at the expiration of the ten year period, even if the underlying judgment is not dormant.

Though the plain meaning of the statute dictates this result, we also find support in other sources. Early Texas cases, which discuss the predecessor statute of § 52.006 have made clear that a judgment lien terminates at the conclusion of ten years. *See Burton Lingo Co. v. Warren*, 45 S.W.2d 750, 752 (Tex. App. 1931); *Nichols v. Cansler*, 140 S.W.2d

5

254, 256 (Tex. App. 1940). *See also* TEX. GOVT. CODE § 311.023 (providing that, when construing a statute, a court may consider a former statutory provision). Recently, in *Olivares v. Nix Trust*, a Texas appellate court cited to one of the early cases for the proposition that "a judgment lien terminates by the expiration of the ten-year period." 126 S.W.3d 242, 249 (Tex. App. 2003) (citing *Burton Lingo Co.*, 45 S.W.2d at 752). Finally, various Texas practice guides employ the same interpretation of § 52.006 as that of the bankruptcy and district courts. *See, e.g.,* 5 ELAINE A. GRAFTON CARLSON, MCDONALD & CARLSON TEXAS CIVIL PRACTICE § 31.17 (2005); 1 W. MICHAEL BAGGETT & BRIAN THOMPSON MORRIS, TEXAS PRACTICE GUIDE: REAL ESTATE LITIGATION §1:101 (2006). Because the plain language of the statute is clear, and because we find support for the plain interpretation in other sources, we reject TAPSS's various arguments that the statute should be interpreted in a manner inconsistent with its common meaning.

Finally, we deny TAPSS's motion to certify. Texas Rule of Appellate Procedure 58.1 provides that the Texas Supreme Court may answer question of law certified to it if the certifying court is presented with question of Texas law without controlling Texas Supreme Court precedent. TEX. R. APP. P. 58.1. The decision whether to certify a question or not lies within our sound discretion. *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 487 (5th Cir. 2003) (citing *Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm.*, 283 F.3d 650, 656 (5th Cir. 2002)). Generally, we will not certify questions where Texas law is sufficiently clear. *See id.* Because the plain meaning of § 52.006 is unambiguous, we see no need to certify the question at issue to the Texas Supreme Court.

6

## IV. CONCLUSION

The judgment of the district court is AFFIRMED.  The motion to certify is DENIED.