## The Gullett Gin Company v. Oliver & Griggs.

### No. 2842.

1. **Judgment Lien — Abstract for Record.** — Article 3155, Revised Statutes, prescribes what the abstract shall contain, but does not require any particular form. Any certificate including the essential facts required in the article should be sufficient. See certificate held sufficient.

2. **Indexing Abstract.**—The statute does not require that the clerk certifying to the record of an abstract of a judgment shall also state that the same has been duly indexed, in order to fix a lien.

3. **Index—Names of Parties.**—The statute (Revised Statutes, article 3158) prescribing that the names of each of the parties to a judgment shall appear upon the index is not complied with by the insertion of the firm name under which the defendants appear in the judgment. The firm name alone appearing, such registration is fatally defective.

Appeal from Dallas. Tried below before Hon. R. E. Burke.

The opinion states the case.

*Robertson & Coke,* for appellant.—This was an action of trespass to try title, which resulted in a judgment for defendants.    The plaintiff brings the case here by appeal upon an agreed statement of the pleadings, evidence, and issues.

1.    The first issue presented is, "Was the abstract made out and certified according to law?"    As a proposition the appellant propounds the affirmative of that question.    Rev. Stats., art. 3155.

2.    The second issue presented is, "In the registration of the abstract there was not on the record a certificate that it had at the same time been indexed.    Was this a fatal omission?"    The appellant's proposition is that no such certificate is required by the statute.

3.    The third issue is, "The index did not give the individual names of the members of the firm of Mitchell & Scruggs.    Was this a fatal defect?"    Appellant propounds the following proposition:  When a judgment is against a partnership and the lien is claimed upon partnership property, the index to the abstract registry in the name of the firm is a substantial compliance with the law.    Willis v. Smith, 66 Texas, 31; Smith v. Chenault, 48 Texas, 455; Putnam v. Wheeler, 65 Texas, 522; Hays v. Yarbrough, 21 Texas, 488; Freem. on Judg., secs. 50a, 347; Little v. Birdwell, 27 Texas, 689.

4.    The fourth issue is, "Is the failure to issue executions from year to year fatal to the lien?"    Appellant as a proposition propounds the negative of that issue.    Rev. Stats., art. 3160.

5.    The fifth issue is, "Is parol testimony admissible to prove the hour when the attachment was levied in such cases as this?"    The appellant propounds the following proposition:  Parol testimony in a collateral suit is not admissible to fix hour at which a writ of attachment was levied when the return on the writ shows the date of the levy, though it does not show the hour.    Fairfield v. Payne, 41 Am. Dec., 357; Taylor v. Emery, 16 N. H., 359; Drake on Attach., secs. 217, 219.

*Wright & Wright,* for appellees.—1.    The first issue is, "Was the abstract made out and certified according to law?"    As a proposition the appellees propound the negative of that question.    Rev. Stats., arts. 3154, 3155; Anthony v. Taylor, 68 Texas, 403.

2.    The second issue is, "In the registration of the abstract there was not on the record a certificate that it had at the same time been indexed.  Was this a fatal omission?"  Appellees' proposition is that the statutes require the abstract to be indexed at the same time it is filed and recorded. Rev. Stats., arts. 3157, 3159.

3.    The third proposition is, "The index did not give the individual names of the members of the firm of Mitchell & Scruggs.    Was this a

fatal defect?" Appellees submit the following proposition: It is just as necessary that the index should show who the firm of Mitchell & Scruggs was composed of as it was for the abstract to show it, as the index forms a part of the abstract. Rev. Stats., arts. 3154, 3155, 3157–3159; Anthony v. Taylor, 68 Texas, 403.

4. The fourth issue is, "Is the failure to issue execution from year to year fatal to the lien?" Appellees as a proposition propound the affirmative of that issue. Rev. Stats., art. 3160; Bassett v. Proetzel, 53 Texas, 579; Williams v. Davis, 56 Texas, 250; Barron v. Thompson, 54 Texas, 235; Ficklin v. McCarty, 54 Texas, 371; Wylie v. Posey, 71 Texas, 35; Clements v. Ewing, 71 Texas, 370.

GAINES, ASSOCIATE JUSTICE.—This was an action of trespass to try title to recover a tract of land situate in Dallas County.

Both parties claim under Mitchell & Scruggs, who were a partnership composed of C. S. Mitchell and J. B. Scruggs. The appellant claims title under a sale made by virtue of an execution issued upon a judgment in its favor against the partnership named above. The appellees claim by virtue of the levy of an attachment in their favor against the same parties, a judgment foreclosing the attachment, and a sale by virtue of that judgment. The proceedings which resulted in the two sales by virtue of which the parties respectively claim title to the land were regular in each instance. The only question which we deem it necessary to decide is that of the validity of a lien upon the land which the appellant claims to have acquired by the filing of an abstract of his judgment in the office of the clerk of the County Court of Dallas County. The attachment was levied on the same day upon which the abstract was filed, and if the latter did not fix a lien upon the land appellees have the better title.

Appellees contend that appellant acquired no lien, and insist upon three grounds in favor of their position.

First, they claim that the abstract was insufficient, because, as they say, it does not contain the individual names of the defendants in the judgment. The abstract, as it appears in the transcript in this case, is as follows:

*"Judgment Record of Dallas County.*

Docket number of suit...................................... 271
Date of filing and recording ..........September 29, 1884, 11:50 a. m.
Plaintiff's name ......................................F. A. Blanks
Defendants' name ............................Mitchell & Scruggs
Date of index ......................................June 13, 1884
In what court rendered.............. { Circuit Court of United States, Northern District of Texas.
Amount of judgment...................................... $3286
Amount of costs.......................................... ——

Rate of interest........................................... 8
Amount of credit at date of record ........................... ——
Amount due at date of record.................,...................... ——

"*In the Circuit Court of the United States for the Northern District of Texas, at Dallas.*—I, A. J. Houston, Clerk of the Circuit Court of the United States for the Northern District of Texas, at Dallas, do hereby certify that in said court, on the 13th day of June, 1884, the plaintiff, F. A. Blanks, recovered of the defendants, C. S. Mitchell and J. B. Scruggs, a judgment for the sum of $3286.84, bearing interest at the rate of 8 per cent per annum, and all costs, the whole of which except the costs in said court remain unpaid, in a suit numbered 271 in said court, and styled F. A. Blanks v. Mitchell & Scruggs, all of which appears by the records of said court."

This is signed by the clerk and authenticated by his seal of office.

We are in doubt whether the tabular statement which precedes the certificate of the clerk of the United States Circuit Court was a part of the abstract furnished by him or not. It is apparent that so much of that statement as shows the day and hour of its filing in the office of the clerk of the County Court of Dallas County was the work of the latter officer. Besides, the certificate does not refer to the tabular statement, and it would seem that it was intended as an abstract and to be complete in itself. The statute prescribes what the abstract shall contain, but does not require any particular form (Revised Statutes, article 3155), and we are of opinion that any certificate, whatever its form, which shows the essential facts required by the article cited ought to be deemed sufficient in law. The certificate of the clerk of the United States Court shows the individual names of the defendants in the judgment, and we therefore conclude that this ground of objection to the abstract was not well taken.

Appellees, as their second ground, insist that the record was fatally defective, because "in the registration of the abstract there was not on the record a certificate that it had been at the same time indexed." From this we understand appellees to claim that at the same time that the clerk records the abstract he should note upon the face of the record that he had indexed it. The statute does not expressly require this to be done, nor does it contain any provision from which it is to be implied that any such action on part of the clerk was necessary. To give a lien it was requisite that the abstract should be indexed; but when this is done the index is there to speak for itself, and we do not see that it would subserve any useful purpose to note the fact of its being indexed upon the face of the record. Since the lien does not accrue until the index is made (Nye v. Moody, 70 Texas, 434), it would have been well if the Legislature had required the day and hour of indexing to be noted either

in the index itself or in connection with the record.    But there is no requirement of this character except as to the record.

The third objection to the record of the abstract is of a more serious character.    It was indexed, but the index showed only the partnership name of the defendants in the judgment.    Their names appeared indexed only under the letter M, and in the style of the firm, to-wit, "Mitchell & Scruggs."

The language of the statute is clear and its purpose obvious.    "The index to such judgment record shall be alphabetical, and shall show the name of such plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded."  Rev. Stats., art. 3158.    This means that each name must appear in the index in its alphabetical order.    The evident object is that persons searching the records in order to discover the existence of judgment liens may have the means of ascertaining with promptness and certainty whether such liens exist or not.    In this case a third person who had no knowledge of the particular judgment, dealing with Scruggs, would have been compelled to examine the entire index or the entire record in order to have ascertained that the abstract had been recorded.    It is evident, we think, that in this particular the statute has not been complied with either literally or in substance.

It is urged by appellant that the index in the name of the firm ought to be held sufficient as to the partnership property, since as to such property such an index subserves all the purposes of the law.    We think, however, that the lien is created only by a compliance with the terms of the statute in every substantial particular at least, and that the indexing of the name of each member of the defendant partnership is a matter of substance and is essential to the existence of the lien.    The point is that the statute has not been complied with, and it is not a material question whether in this particular instance the failure to comply has worked, or could have worked, any especial injury to any one or not.

The agreed statement concedes that if the appellant did not acquire a lien by the record of the abstract of the judgment the court below made a proper disposition of the case.    We think that by reason of the failure to properly index the abstract no lien was acquired.    The judgment is therefore affirmed.

*Affirmed.*

Delivered October 14, 1890.