## LEON & H. BLUM v. H. F. KEYSER.
### No. 502.

1. **Judgment Lien—Abstract of Judgment—Index.**—An abstract of a judgment in favor of B. against T. and H. was recorded, and the index thereof, under the letter "T," showed the names of all parties. It was not, however, indexed under the letter "H," and the reverse index, under the letter "B," gave a wrong name entirely for the party defendant. *Held*, that the indexing was sufficient to create a lien against the property of T.

2. **Same—Judgment of Foreclosure.**—A personal judgment for a certain sum, providing also for the foreclosure of a lien on land, and directing that if the proceeds of its sale are insufficient to satisfy the judgment, execution shall issue for the balance, is a lien on the other lands of the judgment debtor from the date when abstract of the judgment is duly filed, although such filing be prior to the foreclosure sale ordered in the judgment.

APPEAL from Mason. Tried below before Hon. W. M. ALLISON.

*W. L. Hall* and *M. Fulton,* for appellants.—1. An abstract of judgment duly issued and recorded, which is indexed in the proper book and place as to one of the defendants in the judgment, creates a lien on the real estate belonging to such defendant, against whom it is so indexed, lying within the county where such abstract is so recorded. Willis v. Smith, 66 Texas, 31; Anthony v. Taylor, 68 Texas, 405; Bunnett v. Cockshatt, 2 Texas Civ. App., 304; Barron v. Thompson, 54 Texas, 235.

2. Although the judgment may provide for a foreclosure sale, yet a lien may be created on all the lands of defendant in judgment by procuring and having recorded an abstract of judgment in the county where the lands are situated, and this lien in this case would hold the lands subject to execution for any balance that might remain unpaid after foreclosure of the sale. 2 Sayles' Civ. Stats., arts. 3158, 3159.

*W. R. Harris & Son,* for appellee.—A judgment when recorded under our statute, in order to bind real estate in the county, must show upon its face a definite and certain amount due, and the liability must not depend on the sale of lands to be sold under a decree of the court, as in this case. 2 Freem. on Judg., 340–343, 350.

JAMES, CHIEF JUSTICE.—The material facts are substantially as follows:

1. Leon, Hyman, and Sylvain Blum, on December 6, 1892, obtained judgment in Galveston County against G. W. Todd and M. A. Hamilton for $2776.02, with a foreclosure of a mortgage lien on six tracts of land, aggregating about 1700 acres, the judgment directing that an order of sale issue, and that said lands be sold and the proceeds be applied to the judgment, and in case the proceeds of such sale be insuffi-

cient to pay off the judgment and costs, then that an execution issue against said G. W. Todd and M. A. Hamilton for the balance.

On December 20, 1892, an abstract, as provided by law, of said money judgment was filed and recorded in the judgment record of Mason County, and at the same time it was indexed in the judgment record under letter "T," in the following manner:

| DEFENDANTS' NAME | PLAINTIFFS' NAME | PAGE OF JUDGMENT RECORD |
|---|---|---|
| Todd G. W. & Hamilton M. A. | Leon & H. & Sylvian Blum... | 64 & 65 |

Under letter "B" an index was made at same time as follows:

| DEFENDANT'S NAME | PLAINTIFFS' NAME | PAGE OF JUDGMENT RECORD |
|---|---|---|
| Butler J. C................. | Blum, Leon, H. & Sylvian.... | 64 and 65 |

This latter indexing was changed on June 26, 1893, by the clerk erasing the name of Butler, and inserting the names of G. W. Todd and M. A. Hamilton.

2. On January 11, 1893, in a suit pending in Mason County, wherein J. W. Jenkins was plaintiff and G. W. Todd and others defendants, an attachment was levied on the land in controversy in this case, which attachment lien was duly foreclosed and the land sold to appellee Keyser. This land was no part of the land upon which foreclosure was had in appellants' judgment aforesaid.

On May 12, 1893, execution issued on the last mentioned judgment for the sum of $2776.02 and costs, less a credit of $1981.25 indorsed on the execution. This execution was levied on the land in controversy, and appellee restrained the sale by injunction, which was by the judgment in this case perpetuated.

3. It appears that the abstract of the Blum judgment was recorded in Mason County before the lands described in the judgment had been sold, and before an order of sale had issued.

*Opinion.*—The district judge held that the abstract of appellants' judgment did not create a lien for two reasons, as stated in his conclusions of law, viz:

1. Because the index to the judgment record did not give the names of each of the plaintiffs and of each of the defendants, or at most, did not do so until June 26, 1893, prior to which time the attachment lien of Jenkins had attached.

2. Because no lien could be created through an abstract under this judgment until after a sale of the lands described in the judgment

under an order of sale as directed, and the deficiency ascertained and plaintiffs entitled to an execution therefor for a definite sum of money.

The first of said reasons does not seem to us correct. The statute prescribes, that "the index to such judgment record shall be alphabetical, and shall show the name of each plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded." Rev. Stats., art. 3158.

The evident object of this provision is, that persons searching the records to discover judgment liens may have the means of ascertaining with promptness and certainty whether such liens exist or not. Gin Co. v. Oliver, 78 Texas, 186. A compliance with the terms of this law in every substantial particular is exacted.

In this case a defect is claimed in respect to the indexing. No person interested in knowing whether or not an abstract of judgment had been entered against G. W. Todd in Mason County could fail to find in its alphabetical position upon this index the name of G. W. Todd as a judgment defendant, and along with it the individual names of the plaintiffs in the judgment as such, together with a reference to the page of the record upon which the abstract was entered. The name of Todd's codefendant also appeared in this connection.

This indexing satisfies both the requirements and the purpose of the statute, so far as property of Todd was concerned. We can not conceive what additional notice or aid would have been afforded a person touching the status of Todd's real property by indexing the judgment in the reverse order, or under any other letter. All that the law required was given in connection with his name, as it appeared alphabetically upon the index. The statute does not require a reverse index. If we look to the statute and the purpose sought to be attained by the index, we must hold that the judgment record was sufficiently indexed to create a lien on his property. Von Stein v. Trexler, 23 S. W. Rep., 1049; Whitacre v. Martin, 53 N. W. Rep., 806; Dewey v. Sugg, 13 S. E. Rep., 923.

Nor do we concur in the second reason for denying the lien. Appellee's counsel cite as support for this doctrine 2 Freeman on Judgments, section 340, where, in explaining that the judgment must be for a specified sum, the author states, that where an execution is to issue for any deficiency which may exist after selling certain designated property, there can be no judgment lien until the amount of the recovery is fixed and made certain thereby. This statement, though correct in one sense, is misleading and not borne out by the cases cited in support of it, so far as it is sought to be applied here. They are: Eames v. Turn Verein, 74 Ill., 54; Linn v. Patton, 10 W. Va., 187. See also Kirby v. Runals (Ill.), 29 N. E. Rep., 697.

The cases which at first glance would be taken to support appellee's position prove to be cases in which no money judgment was rendered except for the contingent deficiency after a sale of certain property. Kirby v. Runals, supra; Bell v. Gilmore, 25 N. J. Eq., 104; Close v.

Close, 28 N. J. Eq., 472; Hibberd v. Smith, 50 Cal., 511; Englund v. Lewis, 25 Cal., 337.

In the case last cited, the court, referring to Chapin v. Broder, 16 California, says, that "under the doctrine in that case the respondent never acquired a lien upon the premises, if his judgment is nothing more than the old chancery judgment in foreclosure cases; but in our opinion the judgment is a personal judgment for the amount of debt, with the usual relief in equity superadded. Such being the case, it became a lien when docketed."

The authorities uniformly declare that decrees like the one in question are capable of being made a lien on the defendant's real property generally, in the same manner as ordinary money judgments. The language in an Indiana case (Fletcher v. Holmes, 25 Indiana, 463) is particularly appropriate in view of our blended system. The court says: "Our statute provides in cases where the plaintiff obtains a foreclosure, and is also entitled to a personal judgment, that an order shall be entered which has all the effect of a judgment in personam, except that the execution shall not be levied until the property mortgaged shall be exhausted. The object of the statute was to save the necessity of two actions to secure the same debt; and we think the legislative intention would be in part defeated by holding that such a judgment is not, by force of its rendition, as perfect a lien upon all the debtor's real estate as an ordinary personal judgment."

Our statute concerning judgment liens applies to all judgments or decrees for the recovery of money, upon which execution issues within a year. In the case before us, execution was duly had within the year.

The judgment lien is the creature of statute, and the conditions precedent to the validity of such a lien are prescribed, and conditions not so prescribed are not essential to its validity. It is not prescribed as a condition that the judgment must be one upon which a writ of execution may issue at any time. It is a requirement that execution issue within the year. The judgment in question being a personal judgment for a certain sum, and one upon which it was possible to have execution within a year, and execution being in fact sued out within a year, the lien took effect from the registry of the abstract. Hobbs v. Simmonds, 23 Atl. Rep., 962.

We think the court erred in not recognizing the lien. The judgment will be reversed, and judgment rendered here in favor of appellant, dissolving the injunction.

*Reversed and rendered.*