### NOBLE & HALL v. DAVID P. BARNER.

Decided December 2, 1899.

1. **Abstract of Judgment—Indexing.**
   Where an abstract of judgment in the case of Noble & Hall v. L. W. Savage was properly indexed under the letters N and S, but under the letter H the name of the defendant was given as L. W. Hall, it was insufficient and created no lien.

2. **Same—Credit Omitted.**
   The record of an abstract of a judgment, which fails to show a credit or payment shown by the judgment record is insufficient.

APPEAL from Dallas. Tried below before Hon. W. J. J. SMITH.

*Dickson & Moroney,* for appellants.

*Coke & Coke,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellee, David P. Barner, instituted this suit on June 5, 1899, against Noble & Hall, a firm composed of O. Noble and L. H. Hall, and Ben E. Cabell, sheriff of Dallas County, Texas, to restrain the sale of certain property in Dallas County, levied on under an execution issued on a judgment rendered in the County Court of Dallas County, Texas, in cause No. 2676, in favor of Noble & Hall against L. W. Savage, on August 5, 1885, and an abstract of which judgment Noble & Hall claimed had been duly recorded and indexed in Dallas County, Texas, on November 8, 1889. It was alleged that L. W. Savage had acquired the property levied on prior to 1892; that he had conveyed it by mesne conveyances to plaintiff, who was the owner thereof. Plaintiff alleged that the record of the abstract of said judgment and the indexing thereof were insufficient to create a lien, because (1) the index under the letter H was insufficient; (2) the amount due on the judgment at the time of its record was not correctly given, a credit of $50 paid on October 27, 1885, not being allowed; and (3) that the abstract of judgment failed to show in whose favor the judgment was rendered.

The defendants, Noble & Hall, in their answer, after a general denial, specifically alleged the recovery by them of the judgment against L. W. Savage, and that on November 8, 1889, an abstract thereof was duly recorded and indexed in Dallas County, Texas.

B. E. Cabell, sheriff, filed a general demurrer and general denial.

The case was tried on July 17, 1899, without a jury; the court held that the abstract and indexing were insufficient to create a lien, and gave judgment for the plaintiff. From this judgment Noble & Hall appealed.

*Conclusions of Fact.*—It was undisputed that Noble & Hall recovered a judgment against L. W. Savage as mentioned in the pleadings; that this judgment had never become dormant, and that under an execution issued thereon, the lots described in plaintiff's pleadings had been levied on and advertised; that these lots had been acquired by L. W. Savage prior to 1892, and afterwards conveyed to plaintiff; that $50 was paid upon the Noble & Hall judgment on October 19, 1885, and $50 on October 27, 1885. The only disputed issues related to the abstract of judgment, its record and indexing. The record relating to the abstract of the judgment was in volume 2, page 211, of the Records of Abstracts of Judgments of Dallas County, Texas.

Upon the three questions raised by plaintiffs, the evidence was as follows:

. (1) The indexing is shown in full on page 12 of the record; under the letters S and N the defendant's name and the names of both plaintiffs are given correctly; under the letter H the names of both plaintiffs are given correctly, but the surname of the defendant is given as Hall instead of Savage. Under each of the said letters the proper page of the record is given.

(2) The record of the abstract of judgment states the amount due at the date of record to be $529.18, principal and interest, and $7.60 costs, making $536.78 in all. Under the column of credits in the judgment record $50 is stated as having been paid on October 27, 1889.

The original abstract correctly shows the date of this credit to be October 27, 1885. The amount actually due on the judgment when the abstract was recorded was $536.78, allowing the $50 as paid on October 27, 1885, the correct date.

(3) The suit in which Noble and Hall obtained judgment was entitled No. 2676, Noble & Hall v. L. W. Savage. The record of the abstract of judgment as O. Noble and L. H. Hall, composing the firm of Noble & Hall, and the defendant's name as L. W. Savage.

*Opinion.*—The appellants, under their first assignment of error, present the following proposition: "The index of an abstract of judgment is sufficient if, under the letter beginning the name of the defendant in judgment, it correctly gives his name and the name of each plaintiff, and if under the letters beginning the names of each plaintiff, the plaintiffs names are correctly given."

The statute requires that when an abstract is filed for record the clerk shall immediately record the same in the judgment record, noting in such record the day and year of such record, and shall also at the same time enter it upon the index.  Rev. Stats., art. 3287.

It is further provided by article 3288 that the index to such judgment shall be alphabetical, and shall show the name of each plaintiff and defendant in the judgment, and the number of the page of the book upon which the abstract is recorded.

Our Supreme Court in construing this statute has held that the abstract must be indexed under the name of each of the parties to the judgment.  Gin Co. v. Oliver, 78 Texas, 186; Pierce v. Wimberly, 78 Texas, 187.  See also Coal Co. v. Bank, 34 S. W. Rep., 383; Glasscock v. Price, 45 S. W. Rep., 415; Oppenheimer v. Roberson, 26 S. W. Rep., 320, 87 Texas, 177.

The clerk, in indexing the judgment in the case of Noble & Hall v. L. W. Savage, seems to have attempted to comply with this construction of the statute.

The judgment is properly indexed under the letters S and N, the names of the plaintiffs and the defendant being given correctly.  When he indexed it under the letter H he gave the names of the plaintiffs correctly, but gave the name of the defendant as L. H. Hall instead of L. H. Savage.

When the statute makes it necessary to index the judgment alphabetically in the name of each plaintiff and each defendant in the judgment, it means that it shall be correctly indexed under each of such names.  Gin Co. v. Oliver, supra.  The judgment in question was not so indexed and consequently created no lien on the property of the defendant in judgment.

Again, the statute requires the abstract of judgment to show the amount due at the date of its record.  The record showed the date of the judgment as August 5, 1885, the amount of the judgment $446.55, and costs $7.60, rate of interest 10 per cent, and showed two credits, one for $50, paid October 19, 1885, and one for $50, paid October 27, 1889, and stated the amount due at the date of the record as $529.18, and $7.60 costs, making $536.78.

A proper calculation of the interest on the judgment, deducting the credits from the amount at the time the record shows the same to have been made, would show the amount actually due at the date of the recording of the abstract of judgment something over $30 more than the $529.18 therein specified as due.  In this condition of the record it could not be ascertained therefrom which was correct,—the amount shown to be due by such calculation, or the amount stated to be due.  The record ought not to leave so important a matter in debt, and in this respect is defective.  Rev. Stats., art. 3285(4); Evans v. Frisbie, 84 Texas, 341; Willis v. Sanger, 40 S. W. Rep., 227; Glasscock v. Stringer, 32 S. W. Rep., 923.

It is contended by the appellants that the original abstract of judgment correctly shows the date of the last credit on the judgment as having been

made on October 27, 1885, and that the clerk made a mistake in record-ing the abstract in giving the date of this credit as 1889, and that if the credit be applied as of the correct date the amount shown by the record as due at the date of the record is correct. We do not see how this can benefit appellants. It is the proper registry of the abstract of judgment that creates the lien, and it is to the record that we must look to ascertain if a lien exists and the amount thereof. Rev. Stats., art. 3289.

We conclude that the abstract of judgment as recorded was insufficient to create a lien upon the property, and that there is no error in the judg-ment and it should be affirmed.

*Affirmed.*

Writ of error refused.