FARMERS' NAT. BANK v. COLLIS et al.
(No. 7715.)

(Court of Civil Appeals of Texas. Dallas.·
June 16, 1917. Rehearing Denied
Oct. 13, 1917.)

1. ATTACHMENT ⟳323—LIEN—PRIORITY.
　　Vernon's Sayles' Ann. Civ. St. 1914, art.
6858, declares that an officer levying a writ of
attachment shall immediately file with the coun-
ty clerk of the county in which the real estate
levied upon is situated a copy of the writ, and
so much of his return as relates to the land in
the county; that the county clerk shall enter in
his book kept for that purpose the names of the
plaintiffs and defendants in the attachment, the
amount of the debt, and the officer's return; that,
if the land levied upon is situated in a county
other than where the suit is pending, the failure
to make the record shall render the attachment
lien invalid as against subsequent purchasers for
value and without notice; and that the county
clerk shall also keep a direct and reverse index
to the record, in which shall be entered the
names of all of the plaintiffs and defendants to
the various attachments to be recorded. Land
located in a county other than that in which suit
was pending was attached, the sheriff's return
reciting that he had attached the interest of one
of the named defendants. Thereafter he certi-
fied a copy of the original writ and filed it with
the county clerk of the county in which the land
was located. The county clerk entered on the
records a record of the attachment proceedings,
the record reciting that the action was by N.
B. C. and others against B. L. C. and others.
The defendant named was the owner of the land
attached. The clerk also made an index reciting
the names of the several parties defendants and
plaintiffs. *Held* that, as the index is the im-
portant thing and as the original writ was re-
corded, the notice was sufficient, so that the at-
taching creditor took priority over a subsequent
mortgage by defendant, though the names of all
of the parties were not recited under the heading
made when the writ was filed.

2. ATTACHMENT ⟳323—RECORDING—CERTI-
FIED COPY OF.
　　Though not directly authorizing it, Vernon's
Sayles' Ann. Civ. St. 1914, art. 6858, impliedly
authorizes the sheriff to certify a copy of the
writ of attachment levied in a county other than
the county in which suit was pending.

3. APPEAL AND ERROR ⟳1050(2)—REVIEW—
HARMLESS ERROR.
　　Where there was no question of the correct-
ness of an original copy of a writ under which
land was attached in a county other than that
in which suit was pending, the admission of the
certificate of the sheriff attached to the copy of
the writ was immaterial.

　　Appeal from District Court, Hill County;
Horton B. Porter, Judge.

　　Action by the Farmers' National Bank
against B. L. Collis and another, and D.
Price who impleaded others. From a judg-
ment against the first-named defendants and
in favor of the last-named defendants, plain-
tiff appeals. Affirmed.

　　Wear & Frazier, of Hillsboro, for appellant.
G. D. Tarlton and Morrow & Morrow, all of
Hillsboro, for appellees.

　　RASBURY, J. Appellant sued appellee
Ben L. Collis on his promissory note for
$3,500, payment of which was secured by a
lien upon lots· 5, 6, 7, and 8, in block 7 in

Hillsboro, Tex., and lot 12 in block 1 of said
town, evidenced by the usual form of deed of
trust. W. H. Francis, trustee in bankruptcy
proceedings then pending against appellee,
was made a party defendant. D. Price was
also made a party defendant under the alle-
gation that he claimed title to the land.
Price answered, asserting title to the lots and
by cross-action vouched N. B. Chenault and
John Lynd, his vendors, into the suit for ap-
propriate relief. The issues presented in the
respective briefs reflect and are supported by
the pleading and for that reason a detailed
statement of the pleading is unnecessary.
There was trial before jury. The court per-
emptorily instructed the jury to return ver-
dict for appellant against appellee Collis
for the amount of its debt, and for foreclosure
of its lien against Collis and his trustee in
bankruptcy as to said lot 12, but as to said
lots 5, 6, 7, and 8 to return verdict for appel-
lee Price, and to also return verdict for Che-
nault and Lynd, and other minor parties.
Verdict was so returned and judgment enter-
ed in accordance therewith, from which this
appeal is taken.

　　Because of the view we take of the control-
ling issue presented by appellant it will be
necessary to state only the following undis-
puted facts: Prior to March 25, 1914, suit
No. 4866, styled N. B. Chenault et al. v. Ben
L. Collis et al., was filed in the district court
of Wichita county. The actual parties to
said suit were N. B. Chenault and John
Lynd, plaintiffs, and B. L. Collis and C. W.
Brooks, defendants. On said March 25, 1914,
writ of attachment was issued in said suit
directed to the sheriff of Hill county, com-
manding him to attach property of B. L. Col-
lis and C. W. Brooks, sufficient to make $3,-
122, to satisfy the demands of N. B. Chenault
and John Lynd. The writ was in form and
substance in compliance with the statutes.
The sheriff's return thereon was:

　　"Came to hand on this, the 28th day of March,
1914, at 10 o'clock a. m., and executed on the
30th day of March, 1914, at 3 o'clock p. m., by
levying upon and taking into my possession, as
the property ·of the within named defendant, B.
L. Collis, his interest in all of the following de-
scribed real estate property situated in Hill
county, Tex., to wit: Part of lots 5, 6, 7, and 8
in block 7 of the original town plat of Hillsboro,
Tex."

　　On March 30, 1914, the officer certified on
a copy of the original writ that it was a cor-
rect copy of the original and his return there-
on, and on March 31, 1914, filed same with
the county clerk of Hill county. Thereafter
the clerk entered upon the records of attach-
ment liens of Hill county a record of said
attachment proceedings. Under the heading,
"Names of Plaintiffs and Defendants in At-
tachment," he entered: "#4866, N. B. Che-
nault et al. v. B. L. Collis et al." Under the
heading, "From what Court and County Is-
sued," he entered: "District Court, Wichita
county, Tex." Under the heading, "When

Filed," he entered: "March 31, 1914, 8:30 a. m." Under the heading, "Amount of Debt," he entered: "$3,122." Under the heading, "Description of Land and Officer's Return," he entered the return we have copied above, containing description of the land levied upon. The deed of trust creating the lien upon the lots in controversy to secure payment of appellant's debt was dated, acknowledged, and filed for record May 9, 1914. On July 22, 1914, in Chenault et al. v. Collis et al., plaintiffs were awarded judgment for their debt, together with decree foreclosing the attachment lien on the Hillsboro lots and ordering same sold in the statutory manner. Thereafter order of sale was issued and the lots sold by the sheriff of Hill county to N. B. Chenault and John Lynd, to whom the sheriff executed and delivered deed dated October 6, 1914, which was filed for record October 14, 1914. By general warranty deed dated February 18, 1915, and filed for record April 15, 1915, Chenault and Lynd conveyed the lots to appellee D. Price. On July 30, 1915, this proceeding for the purposes we have stated was commenced. The officer of appellant who secured the deed of trust from Collis had no actual knowledge of the levy of the writ of attachment. He was informed by Collis that the lots were unincumbered. He made no examination of the records of Hill county for the purpose of discovering liens or other matters affecting the title to the land.

[1] The contention of appellant is, in substance, that the attachment lien is invalid because the steps necessary by law to preserve the same after levy were not observed, and, being invalid, the matter of priority in reference to the levy and recordation of the writ and the registration of appellant's deed of trust is immaterial. That issue is raised in various ways by the first, second, third, fourth, fifth, and seventh assignments of error, all of which will be considered together. Bearing on the point so made, article 6858, Vernon's Sayles' Civil Statutes, the only statute we have regulating the point at issue, provides, among other matters, in substance (a) that the officer levying a writ of attachment shall immediately file with county clerk of the county in which the real estate levied upon is situated a copy of the writ, and so much of his return as relates to the land in such county; (b) the county clerk shall enter in a book kept for that purpose the names of the plaintiffs and defendants in attachment, the amount of the debt, and the officer's return in full; (c) if the real estate levied upon is situated in a county other than where the suit is pending, a failure to make the record aforesaid shall render the attachment lien invalid as against subsequent purchasers for value and without notice, and subsequent lienholders in good faith; (d) county clerks shall also keep a direct and reverse index to the said record in which shall be entered the names of all the plaintiffs and defendants in the various attachments required to be recorded by him. The land levied upon being in a county other than where the suit was pending the inquiry is, did the officers charged with the duty imposed by article 6858 comply therewith? The sheriff did file with the county clerk of Hill county, a copy of the writ and that portion of his return relating to the land levied on in that county, as appears from the file mark of the clerk and the sheriff's certificate attached to the filed copy, as well as by a comparison of the filed writ with the original contained in the record. The performance of the remaining acts required by the statute is made the duty of the clerk, and by way of elimination it may be said that the clerk did keep the direct and reverse index required thereby, since he did index the attachment proceedings in the direct index or plaintiff column in the name of both Chenault and Lynd, and in the reverse index or defendant column in the name of both Collis and Brooks. There was not, however, a literal compliance by the clerk with the duties imposed by the statute in reference to keeping the record of the attachment, for which he did on that record show the amount of the debt claimed in the writ, the court from whence the writ was issued, as well as the return in full of the officer levying the same; he did not record thereon literally the names of the "plaintiffs and defendants." What he did do, as we have shown in our statement of the case, was to record thereon: "#4866 N. B. Chenault et al. v. B. L. Collis et al." Accordingly, the real issue is, did the omission indicated invalidate the lien acquired by the levy of the attachment? We have been unable to find nor do counsel cite us to any case construing article 6858 of the registration statutes. We are, however, cited by counsel for appellant to the case of Gullett Gin Co. v. Oliver & Griggs, 78 Tex. 182, 14 S. W. 451, which follows Nye v. Moody, 70 Tex. 434, 8 S. W. 606, construing the statute in reference to judgment liens. In Gullett's Case the issue was the sufficiency of the index as kept, while in the instant case the issue is the sufficiency of the record. It is, however, urged with reason, we think, that the principle is applicable and controlling in both cases, for it is said in the case cited that the purpose of requiring the names of all parties to the judgment to be separately indexed is to afford persons searching the judgment records "the means of ascertaining with promptness and certainty whether such liens exist or not." In like manner it may be said that the record and index required in case of attachments is for the same purpose. We can imagine no other purpose, and apprehend the Legislature contemplated no other. Such, then, being the rule, did the index and record before us meet the requirements thereof? The index obviously did, because a bare

inspection of it under the name of any one of the plaintiffs or defendants would have disclosed that, in a suit against Collis and Brooks, attachment had been levied, and would have given the page where same was recorded in the lien record. An inspection of the record indicated by the index would have disclosed that on a particular date a writ of attachment had been levied upon land of Collis in Hill county, together with the amount of the debt sued for, and where the suit was pending. It is true it would have disclosed the name of only one of the plaintiffs and the name of only one of the defendants (which happens in this case to be the defendant upon whose lands the writ was levied); but it also would have disclosed the officer's return in full, showing the levy was on the lands of Collis and his alone. Thus actual notice would have been afforded that the only defendant in attachment was Collis, and a description of the land levied upon furnished. The index, which we know as a matter of common knowledge and practical experience is the key to the information desired to be furnished by the Legislature, satisfies the requirements and meets the purpose of the statute, which is to direct the searcher to the record of the attachment; and as we have shown that record, at least so far as relates to Collis, upon whose land alone the levy was made, furnishes the searcher all the notice necessary to protect him against dealing with the land of Collis. In L. &. H. Blum v. Keyser, 8 Tex. Civ. App. 675, 28 S. W. 561, it was said that, when judgment records were correctly indexed as to some of the parties and incorrectly as to others, the lien was effective against those whose names are correctly indexed. It occurs to us, in view of the much greater importance of the index, the rule should by analogy apply to the record of the judgment or the attachment. Accordingly, we conclude that the attachment lien was not rendered invalid because of defects in recording same.

[2, 3] The sixth assignment of error complains of the admission in evidence of a certificate of the sheriff of Hill county attached to the copy of the writ of attachment filed by him with the county clerk of Hill county, on grounds raising issues already discussed and on the ground that the certificate is neither required nor authorized by law. Article 6858 does not require such certificate, but does, we believe, by implication, authorize it, since it requires the sheriff to file with the clerk a copy of the writ and that portion of his return already referred to. It may be if the issue of whether the copy filed was a true copy of the original, the certificate of the sheriff would not be conclusive, since a resort to comparison would more accurately establish the fact sought to be proven; but at the same time when it appears that the writs are similar in fact, the admission of the certificate is at most immaterial.

Appellees' have presented a cross-assignment of error which, in view of the conclusion we have reached that the attachment lien was a valid one and charged appellant constructively with notice of the attachment, will not be discussed.

The judgment is affirmed.