## GUARANTY STATE BANK OF DONNA v. MARION COUNTY NAT. BANK.
### (No. 7695.)

Court of Civil Appeals of Texas. San Antonio. March 16, 1927.

Rehearing Denied April 6, 1927.

1. **Judgment** ⬦⇒768(1)—**That abstract of judgment showed judgment's date as three days prior to true date held not to render abstract insufficient to create lien (Rev. St. 1925, art. 5447).**

That date of judgment was given in abstract as October 17th, whereas true date was October 20th, did not render abstract insufficient to create lien upon real estate owned by judgment debtor, Rev. St. 1925, art. 5447, requiring date of judgment to be shown in abstract being substantially complied with.

2. **Judgment** ⬦⇒769—**Failure to index abstract of judgment alphabetically in name of any plaintiff in action held to render abstract insufficient to effectuate lien (Rev. St. 1925, art. 5448).**

Failure of clerk to index judgment alphabetically in name of any plaintiff *held* to render abstract insufficient to create lien on judgment debtor's real estate, though judgment was alphabetically indexed in name of each defendant, under Rev. St. 1925, art. 5448, requiring alphabetical index of names of each plaintiff and defendant in judgment.

3. **Judgment** ⬦⇒769—**Statute providing clerk shall enter abstract of judgment upon alphabetical index showing name of each plaintiff and defendant held mandatory (Rev. St. 1925, art. 5448).**

Rev. St. 1925, art. 5448, providing clerk shall record all abstracts of judgments and enter abstract upon alphabetical index showing name of each plaintiff and each defendant *held* mandatory.

Appeal from District Court, Hidalgo County; Hood Boone, Judge.

Action by the Marion County National Bank against the Guaranty State Bank of Donna, Tex. Judgment for plaintiff. Defendant appeals, and plaintiff interposes a cross-assignment of error. Affirmed.

W. R. Montgomery, of Edinburg, W. H. Sadler, of San Juan, and E. A. McDaniel, of McAllen, for appellant.

Oliver C. Aldrich, of San Juan, for appellee.

SMITH, J. The appeal presents the question of the sufficiency of an abstract of judgment to create a lien upon certain land in Hidalgo county. In the court below appellee attacked the sufficiency of the abstract upon two grounds: First, that in the abstract the date of the judgment was incorrectly stated; and second, that the abstract was not indexed alphabetically under the names of the parties to the litigation. The court sustained the first contention, but overruled the second, and appellant and appellee, respectively, complain of these rulings.

[1] The abstracted judgment was rendered as a result of proceedings which began on October 17th and terminated on October 20th. It was recited in the judgment that on October 17th, the cause was duly called for trial, and that thereupon the parties appeared, an attorney was appointed to represent a defendant who had been cited by publication, and another party was given leave to intervene in the suit, which he did. After reciting these proceedings the judgment proceeded, "and now on the 20th day of October, 1921, this case was duly called for trial," and the judgment was then concluded in the usual form. In the abstract the date of this judgment was given as October 17th. Appellee contends and the trial court found that the true date of the judgment was October 20th, and not October 17th, and concluded that because of this misstatement of the date the abstract was insufficient to create a lien upon real estate owned by the judgment debtor. We conclude that the statute (article 5477, R. S. 1925), requiring the date of the judgment to be shown in the abstract, was substantially complied with, and if this were the only objection to the sufficiency of the abstract we would be obliged to reverse the judgment appealed from.

[2] But we conclude that the second objection to the abstract of judgment was sound and material, and that the holding of the court below that the abstract was insufficient to effectuate the judgment lien was correct, notwithstanding it was grounded upon another and insufficient reason. The trial court found as a fact "that said abstract of judgment was alphabetically indexed in the name of each defendant against whom judgment was taken, but was not alphabetically indexed in the name of any plaintiff"; but concluded as a matter of law that "the abstract of judgment records, having been indexed alphabetically in the name of each defendant, is sufficient, though same was not alphabetically indexed in the name of any plaintiff

---

⬦⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(293 S.W.)

to such judgment; this being a substantial compliance with the law." Appellee attacks this conclusion by cross-assignment of error, which must be sustained.

[3] The statute (article 5448) provides that the clerk shall record all abstracts of judgment filed in his office for that purpose, and shall also at the same time enter the abstract "upon the alphabetical index to such judgment record, showing the name of each plaintiff and of each defendant in the judgment and the number of the page of the book upon which the abstract is recorded." This requirement is mandatory, and is construed to mean that the names of each party to the judgment, both plaintiff and defendant, must appear in the index in its alphabetical order. Gin Co. v. Oliver, 78 Tex. 182, 14 S. W. 451. The trial court having found that the judgment "was not alphabetically indexed in the name of any plaintiff," the statutory requirement was not met, the registration was fatally defective, and the judgment lien was not effectuated.

This conclusion settles the appeal, and the judgment is affirmed.