## McGLOTHLIN v. COODY et al.*
### No. 863.

Court of Civil Appeals of Texas. Eastland.
May 1, 1931.

Rehearing Denied June 12, 1931.

Ratliff & Ratliff, of Haskell, for appellant.

D. J. Brookreson, of Benjamin, for appellees.

FUNDERBURK, J.

Chas. E. Coombes recovered judgment in the district court of Jones county against G. H. Coody for debt, and against the said G. H. Coody and Mrs. J. T. George for foreclosure of a lien upon certain lots situated in Benjamin, Tex. An abstract of said judgment was duly filed in Knox county and was indexed as required by law, except (as found by the trial court), it "was not indexed under the letter 'G' and no index made of the defendant, Mrs. J. T. George's name on said index." Subsequently, said G. H. Coody executed a deed of trust upon other land in Knox county to the First Bank of Truscott to secure certain indebtedness to that bank.

A. C. McGlothlin, having acquired the rights of said Chas. E. Coombes in the judgment first mentioned, brought this suit against G. H. Coody and wife, Cora Coody, and the First Bank of Truscott, to foreclose the judgment lien claimed to exist by reason of the foregoing facts. Sufficient facts, it is conceded, were alleged and proved to entitle the plaintiff to the foreclosure sought as against all the defendants, unless the failure to index the abstract of judgment in the name of Mrs. George precluded the existence of the judgment lien as claimed. Coody and wife defaulted. The First Bank of Truscott, in addition to resisting plaintiff's claim of a lien and the right to foreclose, sought recovery of its debt against Coody and foreclosure of the deed of trust and a chattel mortgage lien. Upon a trial without a jury plaintiff recovered judgment against Coody for the balance claimed upon the judgment. First Bank of Truscott recovered against Coody for the amount of its debt claimed, with foreclosure of the deed of trust and the chattel mortgage lien. The court having made the finding above noted with reference to indexing the abstract of judgment, concluded, and in accordance therewith, adjudged that the lien of the bank was superior to plaintiff's alleged judgment lien, but because of the default of Coody, gave plaintiff judgment of foreclosure of the judgment lien, subject to the foreclosure decreed in favor of the bank. Plaintiff, A. C. McGlothlin, has duly perfected appeal.

The sole question presented is whether or not, by reason of the failure to index said abstract of judgment alphabetically in the name of Mrs. J. T. George, one of the defend-

*Writ of error granted.

ants in the judgment, any judgment lien ever in fact came into existence. According to the abstract of judgment no money recovery was had against the defendant Mrs. J. T. George, except a judgment for costs. Apparently she was made a party defendant in the original suit only for the purpose of making the foreclosure sought effective as to her. Appellant contends that, under the authority of Blum v. Keyser, 8 Tex. Civ. App. 675, 28 S. W. 561, Farmers' National Bank v. Collis (Tex. Civ. App.) 197 S. W. 782, 784, and Franke v. Lone Star Brewing Co., 17 Tex. Civ. App. 9, 42 S. W. 861, the statutory requisites for the creation of judgment liens were substantially complied with so as to make the lien effective as to Coody, within the reason and purpose of the law. In Farmers' National Bank v. Collis, supra, it is stated that: "In L. & H. Blum v. Keyser, 8 Tex. Civ. App. 675, 28 S. W. 561, it was said that, when judgment records were correctly indexed as to some of the parties and incorrectly as to others, the lien was effective against those whose names are correctly indexed." We do not believe that a reference to the opinion in Blum v. Keyser will disclose a statement so explicit, but it may be true that its implications are to that effect. If the rule as thus declared be correct then it seems to us that it would control this case in favor of appellant's contention. The abstract of judgment as between the plaintiff, Coombes, and the defendant, Coody, had they been the only parties to the judgment, was correctly indexed, and if the only inquiry involved in this suit was whether the index furnished an easy and accurate means of ascertaining the existence of a judgment against Coody, it would seem to serve that purpose.

But we do not believe that, based upon reason or authority, it is a correct statement of the law to say, if an abstract of judgment is not indexed alphabetically in the name of all of the plaintiffs and defendants, that it is effective to create a lien as to those whose names do appear so indexed. It must be borne in mind that the requirements as to recording and indexing an abstract of judgment are not merely to give notice of the existence of an already existing lien, but such are the statutory means by which a lien having no previous existence comes into being. Spence v. Brown et al., 86 Tex. 430, 25 S. W. 413, 415. Notice is not the only purpose. As said in the last named case: "Most of the requisites of an abstract show that the purpose of its registration is not only to give notice of the right conferred by the record and index, but also to inform all persons interested where they may easily find the judgment itself, with all other papers bearing on the question of its validity." Since the lien owes its very existence to a substantial compliance with the statutes, the law applicable, it seems to us, was well-stated by the Supreme Court

in Nye v. Moody, 70 Tex. 434, 8 S. W. 606, 607, as follows: "The indexing, so carefully described and provided for, cannot be dispensed with by the courts. The terms used in the statute are simple and clear. The meaning and intent are expressed. It is not for courts to question the policy of the law. They can only apply it to a state of facts as ascertained when rights are litigated and the jurisdiction of the courts invoked."

■ It has many times been held, as indeed the explicit language of the statute requires, that an index to be sufficient to create the lien must show alphabetically the names of each plaintiff and of each defendant. Pierce v. Wimberly et al., 78 Tex. 187, 14 S. W. 454; Oppenheimer v. Robinson, 87 Tex. 174, 27 S. W. 95; Gullett Gin Co. v. Oliver et al., 78 Tex. 182, 14 S. W. 451; Noble v. Barner, 22 Tex. Civ. App. 357, 55 S. W. 382; McLarry v. Studebaker Bros. Co. (Tex. Civ. App.) 146 S. W. 676; Ullmann v. Jasper, 70 Tex. 446, 7 S. W. 763.

The only authority cited upon the point at issue in Blum v. Keyser, supra, was Gin Co. v. Oliver, 78 Tex. 186, 14 S. W. 451, 452. That opinion, it seems to us, definitely rejects the theory that a noncompliance which prevents the creation of a lien must be such as to defeat the purpose of the statutes. In the opinion appellant's contention was stated to be as follows: "It is urged by appellant that the index in the name of the firm ought to be held sufficient as to the partnership property, since as to such property such an index subserves all the purposes of the law." But, in rejecting that contention, the court further said: "We think, however, that the lien is created only by a compliance with the terms of the statute, in every substantial particular at least, and that the indexing of the name of each member of the defendant partnership is a matter of substance, and is essential to the existence of the lien. *The point is that the statute has not been complied with, and it is not a material question whether, in this particular instance, the failure to comply has worked, or could have worked, any especial injury to any one or not.*" (Italics ours.)

In recognition of this principle it was held in Glasscock v. Stringer (Tex. Civ. App.) 32 S. W. 920, that actual knowledge of the claim of a judgment lien was unavailing in aid of an insufficient registration. Were the requisites prescribed by the statute for the purpose only of giving constructive notice, and not for the purpose of bringing the lien into existence, such a holding would be wrong in principle.

But, were it conceded to be the law that an indexing is sufficient, when in any particular case it serves all the purposes of the law, although omitting one or more of the statutory requisites, we would still be unable to hold that such a case is presented here. One of

the purposes of the law, as declared by the Supreme Court in Gin Co. v. Oliver, supra, is: "that persons searching for records, in order to discover the existence of judgment liens, may have the means of ascertaining [with promptness and certainty] whether such liens exist or not." Suppose, in this case, an inquirer, having some knowledge of the existence of the suit in which the judgment in question was rendered, and being interested in knowing if there was a judgment lien against Coody, did not know, or had forgotten his name, but did remember that Mrs. George was one of the defendants. Would not an index showing the name of Mrs. George in such case serve the purpose of the law, as above declared? If this were true in one case, may it not be so in others?

■ We are therefore of opinion that the trial court correctly concluded that there was no judgment lien, and that the judgment of the trial court should be affirmed, and it is accordingly so ordered.