## McGLOTHLIN v. COODY et al.

No. 1406—6040.

Commission of Appeals of Texas, Section B.

May 3, 1933.

Ratliff & Ratliff, of Haskell, for plaintiff in error.

D. J. Brookreson, of Benjamin, for defendants in error.

SHORT, Presiding Judge.

We take the following statement of this case from the application for the writ of error:

"This was a suit instituted in the District Court of Knox County, Texas, by A. C. McGlothlin, plaintiff in error, to foreclose a judgment lien claimed to exist against certain lands in said county, owned by G. H. Coody and his wife, Cora Coody. Several years prior to the institution of said suit, Chas. E. Coombes had recovered a judgment in the District Court of Jones County against said G. H. Coody for debt, and against said Coody and one Mrs.· J. T. George for foreclosure of a vendor's lien upon certain property situated in Benjamin, Texas. An abstract of the judgment was duly filed in Knox County, and was indexed as required by law, except (as found by the trial court), it "was not indexed under the letter 'G' and no index made of the defendant, Mrs. J. T. George's name on said index."

"In the original suit, no personal judgment was rendered in favor of Coombes against the defendant, Mrs. J. T. George, but Mrs. George recovered judgment for costs against her co-defendant,· G. H. Coody, by reason of his cross-action against her, and the officers of the court recovered judgment against the respective parties for the costs incurred by them.

"Subsequent to abstracting the judgment in the original suit, Coody executed a deed of trust upon the land involved to the defendant in error, First Bank of Truscott, to secure certain indebtedness to that bank, by reason of which fact, the bank was made a party to the present suit. The bank, in addition to resisting plaintiff in error's lien, and the right to foreclose, sought recovery of its debt and foreclosure of the deed of trust. A trial was had without a jury, and the trial court rendered judgment in favor of plaintiff in error against Coody for the balance due on the judgment, and the bank recovered judgment against Coody and foreclosure of the deed of trust. By reason of the fact that the abstract of judgment in the original suit 'was not indexed under the letter "G" and no index made of the defendant, Mrs. J. T. George's name on said index', the trial court adjudged that the lien of the bank was superior to plaintiff in error's judgment lien, but because of the default of Coody and his wife, gave plaintiff in error judgment of foreclosure of the judgment lien, subject to the foreclosure adjudged in favor of the bank.

·˜"The Court of Civil Appeals for the 11th Supreme Judicial District, affirmed the judgment of the trial court [39 S.W.(2d) 133]. Motion for re-hearing was duly filed, presenting each of the errors assigned in this application, which was overruled on the 12th day of June, A. D. 1931, and your applicant now applies for a writ of error.

"As stated by the Court of Civil Appeals in the opinion, 'the sole question presented is whether or not, by reason of the failure to index said abstract of judgment alphabetically in the name of Mrs. J. T. George, one of the defendants in the judgment, the judgment lien ever in fact came into existence.' "

The application was granted on the conflicts alleged principally by reason of the alleged conflict with the case of Blum v. Keyser, 8 Tex. Civ. App. 675, 28 S. W. 561.

Articles 5447, 5448, and 5449, R. C. S. 1925, necessarily control the only question involved, and the law of this case depends upon a proper construction of those articles. These articles are as follows:

"Article 5447. Each clerk of a court, when the person in whose favor a judgment was rendered, his agent, attorney or assignee, applies therefor, shall make out, certify under his hand and official seal, and deliver to such applicant upon the payment of the fee allowed by law, an abstract of such judgment showing:

"1. The names of the plaintiff and of the defendant in such judgment.

"2. The number of the suit in which judgment was rendered.

"3. The date when such judgment was rendered.

"4. The amount for which the judgment was rendered and balance due thereon.

"5. The rate of interest ·specified in the judgment.

"Each justice of the peace shall also make and deliver an abstract of any judgment rendered in his court in the manner herein provided, certified under his hand.

. "Art. 5448. Each county clerk shall keep a well bound book called the 'judgment record,' and he shall immediately file and therein record all properly authenticated abstracts of judgment when presented to him for record, noting therein the day and hour of such record. He shall at the same time enter it upon the alphabetical index to such judgment record, showing the name of each plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded. He shall leave a space at the foot of each such abstract for the entry of credits upon and satisfaction of such judgment, and shall enter the same when properly shown.

"Art. 5449. When any judgment has been so recorded and indexed, it shall from the date of such record and index operate as a lien upon all of the real estate of the de-

fendant situated in the county where such record and index are made, and upon all real estate which the defendant may thereafter acquire situated in said county. Said lien shall continue for ten years from the date of such record and index; but if the plaintiff fails to have execution issued upon his judgment within twelve months after the rendition thereof, said lien shall cease to exist."

However, the articles involved here are 5447 and 5448, and it appears that, according to the provisions of article 5447 the clerk of a court, upon an application having been made, shall make out, certify, and deliver to the applicant an abstract of judgment, showing five different things, the first of which is that the abstract shall show the names of the plaintiffs in the judgment, and of the defendants in the judgment, not the name of one of the plaintiffs, and not the name of one of the defendants, but the names of the several defendants, if there be several, and the names of the several plaintiffs, if there be several, appearing upon the face of the judgment. After this has been done, and this instrument has been handed to the clerk, where it is sought to create a lien, then, according to article 5448, this clerk shall record all properly authenticated abstracts of judgment when presented to him for record, noting therein the day and hour of such record, and, after he has done this, the clerk is required to enter it upon the alphabetical index to such judgment record, showing the name of each plaintiff and of each defendant in the judgment and the number of the page of the book upon which the abstract is recorded. In other words, the judgment lien given by plaintiff in a judgment is purely a statutory one, and a person who asserts that he has such a lien must show that each and every requirement of the statute has been followed in order that he shall establish the existence of such lien.

The judgment rendered in the district court of Jones county, which was abstracted and recorded in Knox county, was rendered against Mrs. J. T. George in favor of the plaintiff, Coombes, in that suit, foreclosing a vendor's lien on certain town property in Benjamin, Tex., and in favor of the defendant, Mrs. J. T. George, on the cross-action of the defendant, G. H. Coody, and Mrs. J. T. George, recovered an affirmative money judgment against said G. H. Coody to the extent of the cost incurred by reason of said cross-action. Among the findings of fact by the trial court is the following: "I further find that the said abstract of judgment was not indexed under the letter 'G,' and no index made of the defendant, Mrs. J. T. George's name on said index." The opinion of the case of Blum v. Keyser, supra, is in partial conflict with the opinion in this case, and to the extent that it is in conflict it should be overruled. In that case the court

held that it was not necessary to place the names on the indirect index. To that extent we think the opinion of the court in that case is erroneous. The statute which requires the abstract of judgment to show the names of each party, both plaintiff and defendant, has not been complied with in this case, and no lien was created. In the case of Cocke v. Conquest, 2 S.W.(2d) 992, 994, wherein the opinion of the Court of Civil Appeals was approved by the Supreme Court, in an opinion in the same case, 13 S.W.(2d) 348, it was said by the Court of Civil Appeals: "'The names of all the parties to the judgment appear in the index direct and reverse, but the names of Minnie A. Conquest and R. M. Davis as defendants in judgment do not appear under the page of the index originally set aside for indexing names beginning with the letter "C."' This was not a compliance with the law with reference to proper indexing and therefore, it created no lien upon the property in question."

In Askey v. Power, 36 S.W.(2d) 446, the Commission of Appeals, in its opinion, among other things, held that right to a judgment lien is purely statutory, and to secure it there must be substantial compliance with all requirements of statutes relating to subject. In the case of Bonner v. Grigsby, 84 Tex. 330, 19 S. W. 511, 31 Am. St. Rep. 48, the Supreme Court held that merely leaving the number of the judgment off was not a compliance with the statute and created no lien. To the same effect is the opinion in the case of San Antonio Loan & Trust Company et al. v. Davis (Tex. Civ. App.) 235 S. W. 612. In the case of McLarry v. Studebaker Bros. Co. of Texas (Tex. Civ. App.) 146 S. W. 676, 678, the court, among other things, said: "We are of the opinion that the statute * * * makes it necessary to index the judgment alphabetically in the name of each plaintiff and of each defendant in the judgment, and that it is required that it shall be correctly indexed, giving each of such names."

In the case of Guaranty State Bank of Donna v. Marion County National Bank (Tex. Civ. App.) 293 S. W. 248, 249, it was held: "This requirement is mandatory, and is construed to mean that the names of each party to the judgment, both plaintiff and defendant, must appear in the index in its alphabetical order." See, also, Noble v. Barner, 22 Tex. Civ. App. 357, 55 S. W. 382; Gullett Gin Co. v. Oliver, 78 Tex. 182, 14 S. W. 451; Vidor v. Rawlins, 93 Tex. 259, 54 S. W. 1026; Evans v. Frisbie, 84 Tex. 343, 19 S. W. 510; Pierce v. Wimberly, 78 Tex. 189, 14 S. W. 454; Nye v. Moody, 70 Tex. 434, 8 S. W. 606; Nye v. Gribble, 70 Tex. 462, 8 S. W. 608; Belbaze v. Ratto, 69 Tex. 636, 7 S. W. 501; Anthony v. Taylor, 68 Tex. 403, 4 S. W. 531; Askey v. Power (Tex. Com. App.) 36 S.W.(2d) 446; Bush v. Farris (C. C. A.) 71 F. 770, 774; Shirk v. Thomas, 121

Ind. 147, 22 N. E. 976, 16 Am. St. Rep. 387 and note. In other words, we find the authorities are substantially in harmony to the effect that, before one can create a judgment lien under the statute, by registering an abstract of judgment, he must comply with all requirements of the statute, since the statute does not empower him to create a lien in any other manner.

We recommend that the judgment of the Court of Civil Appeals affirming that of the district court be affirmed.

CURETON, Chief Justice.

The judgments of the District Court and the Court of Civil Appeals are both affirmed as recommended by the Commission of Appeals.