

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN L. HILL,
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

July 5, 1976

The Honorable Tom Hanna
Criminal District Attorney
Jefferson County
P. O. Box 2553
Beaumont, Texas 77704

Opinion No. H-843

Re: Abstracts of Judgments rendered in tax suits

Dear Mr. Hanna:

You have asked several questions about the effect of abstracting judgments obtained in tax suits:

> (1) Should the District Clerk of Jefferson County issue abstracts of judgments in tax suits?

> (2) Does the abstract of judgment affect only the real estate subject to the tax suit and would an order of sale, generally issued after 30 days, negate the abstract of judgment, thereby making the issuance of said abstract superfluous?

> (3) Would the abstract of judgment create a cloud or lien on other real properties owned by the Defendant in the tax suit, and, if so, would the District Clerk's office be subject to litigation for damages because of its position as issuing authority?

Article 5447, V.T.C.S., specifies:

> Each clerk of a court, when the person in whose favor a judgment was rendered, his agent, attorney or assignee, applies therefore, shall make out, certify under his hand and official seal, and deliver to such applicant upon the payment of the fee allowed by law, an abstract of such judgment showing:

> (1)   The names of the plaintiff and of the defendant in such judgment;
>
> (2)   The birthdate and driver's license number of the defendant . . .
>
>         . . .
>
> (6)   The amount for which the judgment was rendered and balance due thereon . . .
>
>         . . .

A certificate of the proper officer, whatever its form, which shows the essential facts required by the appropriate statute constitutes an "abstract of judgment." Gullett Gin Co. v. Oliver, 14 S.W. 451 (Tex. Sup. 1890).

By article 5448, V.T.C.S., the County Clerk is required to record and index abstracts of judgments. Article 5449, V.T.C.S. provides:

> When any judgment has been so recorded and indexed . . . it shall . . . operate as a lien upon all the real estate of the defendant situated in the county where such record and index are made, and upon all real estate which the defendant may thereafter acquire, situated in said county . . . .

Thus, a properly recorded and indexed abstract of a judgment against a defendant establishes a judgment lien upon all non-exempt real estate of the defendant in the county, including property later acquired. Baker v. West, 36 S.W.2d 695 (Tex. Sup. 1931); Richey v. Moor, 249 S.W. 172 (Tex. Sup. 1923); Cheswick v. Weaver, 280 S.W.2d 942 (Tex. Civ. App. -- Beaumont 1955, writ ref'd n.r.e.); Blum v. Keyser, 28 S.W. 561 (Tex. Civ. App. -- 1894, no writ).

Real estate ordered sold to satisfy a judgment in a tax lien foreclosure suit might sell for an amount less than the judgment, but if the judgment is also a personal judgment against the defendant, the personal liability of the judgment

debtor remains for the balance.  Shugart v. Nocona Independent School District, 288 S.W.2d 243 (Tex. Civ. App. -- Fort Worth 1956, no writ); Watts v. City of El Paso, 183 S.W.2d 249 (Tex. Civ. App. -- El Paso 1944, writ ref'd w.o.m.); Blum v. Keyser, supra; V.T.C.S. arts. 7345b, 7328a, 7328.1.

In answer to your first question, the clerk is required by statute upon request of the successful plaintiff to issue an abstract of judgment in tax suits which result in a personal judgment against a defendant.  The answer to your second question is that a judgment lien extends to all non-exempt real estate of the defendant in the county, and if a personal judgment resulting from the tax suit is not satisfied by a tax lien foreclosure sale of the real estate subject to the tax, the issuance of the abstract of judgment to establish the judgment lien for the balance still due is not superfluous.

Your third question is whether the abstract of judgment creates a cloud or lien on other real property owned by a defendant in a tax suit.  Insofar as non-exempt property is concerned, the answer is yes, until the judgment is satisfied.  V.T.C.S. art. 5449.  Judgment liens do not cloud exempt property.  See Richey v. Moor, supra.

The other part of your third question is whether the issuance of an abstract of judgment would subject the District Clerk to litigation for damages.  The clerk can incur no personal liability for issuing an abstract of judgment in a proper case.  He is commanded by the statute to do it.  V.T.C.S. art. 5447.  See 47 Tex. Jur. 2d, Public Officers § 130, et seq.

### S U M M A R Y

The abstract of a personal judgment rendered against a defendant by a court in a tax suit should be issued as article 5447, V.T.C.S. directs, even though the judgment additionally forecloses a tax lien on particular property.  When recorded and indexed,

the abstract of an <u>in personam</u>
judgment creates a lien against all
non-exempt real property of the defendant
located in the county.  The Clerk incurs
no personal liability for issuing an
abstract of judgment in a proper case.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb